## JOHNSTON v. DISTRICT OF COLUMBIA.

ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued March 23, 24, 1886.—Decided April 19, 1886.

Evidence that the plan on which a sewer has been constructed by municipal authorities had not been judiciously selected is inadmissible to support an action against the municipality by the owner of land injured by the overflow of water from the sewer.

This was an action against the District of Columbia by a citizen and taxpayer in Washington to recover damages caused to his house and land fronting on Missouri Avenue, in the summer of 1877, by the overflow of foul water from a sewer in that avenue, which the declaration alleged that the defendant knowingly constructed and continued upon an unreasonable and defective plan, and of inadequate capacity for its purpose, and wrongfully permitted to become choked up. The defendant denied its liability.

The plaintiff's bill of exceptions stated that he testified that at the time alleged his house and land were overflowed and injured by foul water from this sewer; that he noticed that the water in the avenue was very deep ; and that he never saw or knew of any flooding or overflow of the avenue or of his property until the sewer was constructed. The rest of the bill of exceptions was as follows :

"And to sustain further the issues joined, the plaintiff put upon the stand, as his witness, Benjamin Severson, a citizen of Washington, and an engineer by profession, who testified to the Tiber sewer being two feet lower at its base than the Missouri Avenue sewer where they meet each other; and being asked by the counsel for the plaintiff what, in his opinion, the consequence would be in case of a freshet or great fall of rain, the question was objected to by the counsel of the defendant, unless the counsel for the plaintiff stated his object in asking such question; and thereupon it appeared that it was asked with the view of showing by that witness that the plan on which the sewer had been constructed by the authorities of the

District had not been judiciously selected; and thereupon the testimony was objected to, and the court, after argument, sustained the objection, to which ruling the plaintiff's counsel excepted."

The jury returned a verdict for the defendant, the exceptions were overruled by the court in general . term, and the plaintiff sued out this writ of error.

*Mr. Frank T. Browning* for plaintiff in error cited : *Rochester White Lead Co.* v. *Rochester*, 3 N. Y. 463 ; *Barton* v. *Syracuse*, 36 N. Y. 54 ; *Logansport* v. *Wright*, 25 Ind. 512 ; *Indianapolis* v. *Huffer*, 30 Ind. 235 ; *Weis* v. *Madison*, 75 Ind. 241 ; *Cummins* v. *Seymour*, 79 Ind. 491 ; *Evansville* v. *Decker*, 84 Ind. 325 ; *Dixon* v. *Baker*, 65 Ill. 518 ; *Ashley* v. *Port Huron*, 35 Mich. 296 ; *Weightman* v. *Washington*, 1 Black, 39 ; *Barnes* v. *District of Columbia*, 91 U. S. 540, 556 ; Dillon on Municipal Corporations (2d ed.), §§ 778, 802 ; (3d ed.) §§ 980, 1047, 1048 ; Cooley on Torts, 580.

*Mr. Henry E. Davis* for defendant in error cited: *Wilson* v. *New York*, 1 Denio. 595 ; *Mills* v. *Brooklyn*, 32 N. Y. 489 ; *Hines* v. *Lockport*, 50 N. Y. 238 ; *Urquhart* v. *Ogdensburgh*, 91 N. Y. 67, and 97 N. Y. 238 ; *Child* v. *Boston*, 4 Allen, 41 ; *Emery* v. *Lowell*, 104 Mass. 13 ; *Merrifield* v. *Worcester*, 110 Mass. 216, 221 ; *Hill* v. *Boston*, 122 Mass. 344, 358, 359, 375, 376 ; *Carr* v. *Northern Liberties*, 35 Penn. St. 324 ; *Grant* v. *Erie*, 69 Penn. St. 420 ; *Fair* v. *Philadelphia*, 88 Penn. St. 309 ; *Detroit* v. *Beckman*, 34 Mich. 125 ; *Lansing* v. *Toolan*, 37 Mich. 152 ; *Van Pelt* v. *Davenport*, 42 Iowa, 308 ; *Foster* v. *St. Louis*, 71 Missouri, 157 ; *Roll* v. *Indianapolis*, 52 Ind. 547 ; *Rozell* v. *Anderson*, 91 Ind. 591 ; Dillon on Municipal Corporations (3d ed.), §§ 948, 949, 966, 980, 997, 1041, 1043, 1044, 1046–1051.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

The duties of the municipal authorities, in adopting a general plan of drainage, and determining when and where sewers shall

be built, of what size and at what level, are of a *quasi* judicial nature, involving the exercise of deliberate judgment and large discretion, and depending upon considerations affecting the public health and general convenience throughout an extensive territory; and the exercise of such judgment and discretion, in the selection and adoption of the general plan or system of drainage, is not subject to revision by a court or jury in a private action for not sufficiently draining a particular lot of land. But the construction and repair of sewers, according to the general plan so adopted, are simply ministerial duties; and for any negligence in so constructing a sewer, or keeping it in repair, the municipality which has constructed and owns the sewer may be sued by a person whose property is thereby injured.

The principal decisions upon the subject are collected in the briefs of counsel, and generally, if not uniformly, support these propositions. The leading authorities are the judgments of the Supreme Judicial Court of Massachusetts, delivered by Mr. Justice Hoar, in *Child* v. *Boston*, 4 Allen, 41, 51–53, and of the Court of Appeals of New York, delivered by Chief Justice Denio, in *Mills* v. *Brooklyn*, 32 N. Y. 489, 495–500.

In *Barnes* v. *District of Columbia*, 91 U. S. 540, 556, it was said that in *Rochester White Lead Co.* v. *Rochester*, 3 N. Y. 463, "the city was held liable because it constructed a sewer which was not of sufficient capacity to carry off the water draining into it. The work was well done; but the adoption and carrying out of the plan was held to be an act of negligence." But this was clearly a mistake; for in the *Rochester Case* the fact was distinctly found that the insufficiency of the culvert to carry off the water was owing, not merely to the smallness of its size, but to "the want of skill in its construction;" 3 N. Y. 465; and the case was distinguished on that ground in *Mills* v. *Brooklyn*, 32 N. Y. 499. The question in judgment in *Barnes* v. *District of Columbia*, as well as in *Weightman* v. *Washington*, 1 Black, 39, was of municipal liability, not for an injury to property by a sewer, but for a personal injury to a traveller by a want of repair in the highway, a question not now before us. In *Barton* v. *Syracuse*, 36 N. Y.

54, also cited for the plaintiff, the ground of action was not the plan of constructing the sewer, but the neglect to keep it in repair.

In the present case, the only evidence offered by the plaintiff, which was excluded by the court, was evidence of what, in the case of a freshet, or of a great fall of rain, would be the consequence of the difference in level between the sewer in question and another sewer connecting with it; and this evidence, as the plaintiff's counsel avowed, was offered " with the view of showing that the plan on which the sewer had been constructed by the authorities of the District had not been judiciously selected."

The evidence excluded was clearly inadmissible for the only purpose for which it was offered. As showing that the plan of drainage was injudicious and insufficient, it was incompetent. As bearing upon the question whether there was any negligence in the actual construction or repair of the sewer, or the question whether the sewer was so constructed as to create a nuisance upon the plaintiff's property, it was immaterial. The instructions given to the jury are not reported and must be presumed to have been accurate and sufficient.

*Judgment affirmed.*