### STEPHENSON v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia. Submitted December 4, 1923. Decided April 7, 1924.)

#### No. 3000.

1. **District of Columbia** ⬅⟿27—**Duty to keep streets reasonably safe.**

The District of Columbia has full control of its streets, and is under a duty to keep them in such a condition that they can be used with reasonable safety, and for negligent failing to do so liability attaches.

2. **District of Columbia** ⬅⟿27—**District liable for unsafe condition of streets, though result of exercise of governmental function.**

The District of Columbia cannot avoid liability for failure to keep a public street in reasonably safe condition by asserting that unsafe condition was a result of the exercise of a discretionary power or governmental function.

3. **District of Columbia** ⬅⟿27—**Negligence in maintaining catch-basin in street held for jury.**

In pedestrian's action for injuries sustained as a result of stepping into a sewer catch-basin in a public street, whether the catch-basin was negligently constructed and maintained *held* for the jury.

**4. Damages ☞168(2)—In action for injuries, testimony concerning arthritis inadmissible.**

In an action for personal injuries, exclusion of testimony concerning arthritis, where physician testified that the accident itself would not have furnished an explanation of sore throat, which was the forerunner of arthritis, *held* proper.

Appeal from the Supreme Court of the District of Columbia.

Action by John Robert Stephenson against the District of Columbia. From an adverse judgment on a directed verdict, plaintiff appeals. Reversed and remanded for a new trial.

Richard J. Downey and Loenard J. Mather, both of Washington, D. C., for appellant.

C. H. Syme, R. J. Whiteford, P. H. Marshall, and R. L. Williams, all of Washington, D. C., for the District of Columbia.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Plaintiff, appellant here, brought an action against the defendant, appellee here, for damages for personal injuries sustained as a result of stepping into a sewer catch-basin in a public street, alleged to have been defectively and negligently constructed and maintained. Plaintiff's evidence was substantially as follows:

He was 67 years of age at the time of the accident, February 14, 1914, and employed at the Navy Yard. It had been raining, and snow and sleet were falling. As he came out of the yard shortly after midnight, and started to walk diagonally across the street to a street car waiting on the corner for passengers, "he stepped from the sidewalk [into the street] and felt his foot go through the snow and sleet, and then it slipped backward away from under him into the mouth of this sewer, throwing him down on his left side with great force (he then weighed over 200 pounds), * * * dislocating his shoulder blade and fracturing the upper part of his left arm."

Another employee at the Navy Yard testified that two years before the plaintiff's accident he fell into the same sewer and was so injured that he lost several days from work; that as a result he notified the engineer commissioner of the District of the alleged defective condition of the sewer opening, but that nothing was done about it. Another witness testified that in the latter part of 1909, as he was crossing the street, he slipped and fell into the same sewer opening, and that it was not changed thereafter. There was other evidence to the same effect.

Another witness, an engineer and superintendent of construction for an asphalt company, who had been connected with the engineering department for the District of Columbia, testified concerning the size and character of the sewer opening in question, and stated that there was an entire absence of any grating or other protection across the mouth of the opening.

At the close of plaintiff's evidence, the court sustained a motion of the defendant for a directed verdict, over the objection and exception of the plaintiff.

[1] It is contended by the defendant that, in erecting and maintaining this sewer catch-basin in this public street, the District of Columbia was exercising discretionary powers of a public character, and hence is not liable for damages resulting therefrom. It is settled law that the District of Columbia, having full control of the streets, is "under a duty to keep the public ways of the city in such condition that they can be used with reasonable safety," and that for negligently failing so to do liability attaches. Barnes v. District of Columbia, 91 U. S. 540, 23 L. Ed. 440; District of Columbia v. Woodbury, 136 U. S. 450, 10 Sup. Ct. 990, 34 L. Ed. 472; District of Columbia v. Caton, 48 App. D. C. 96, 106. In the case last cited, Mr. Justice Van Orsdel, speaking for the court, said:

"We think the liability of the District here must be treated as arising primarily from the paramount duty imposed upon it of maintaining the streets in reasonably safe condition. The liability of the District in damages for accidents due to failure to maintain the streets in reasonably safe condition is settled."

[2] The precise question here, therefore, is whether the District may avoid liability for failure to keep a public street in reasonably safe condition by asserting that the unsafe condition was the result of the exercise by the District of a discretionary power or governmental function.

Weightman v. Corporation of Washington, 1 Black (66 U. S.) 39, 17 L. Ed. 52, was a suit involving municipal liability for personal injury to a traveler by a want of repair in a highway bridge. The court observed that municipal corporations are invested with certain discretionary powers, legislative in their character, such as power to adopt regulations for the management of their own affairs or for the preservation of the public health, and for other useful and important objects within the scope of their charters; that duties arising under such grants necessarily are undefined and in many respects imperfect in their obligation, and hence should not be confounded with burdens imposed "and the consequent responsibilities arising, under another class of powers usually to be found in such charters, where a specific and clearly defined duty is enjoined in consideration of the privileges and immunities which the act of incorporation confers and secures." The court further observed that, where duties of a general interest are enjoined and burdens imposed in consideration of privileges granted and accepted, and means to perform such duties are placed at the disposal of the corporation and within its control, it is clearly liable to the public if it unreasonably neglects to comply with the requirements of the charter, and is "also liable for injuries to person or property arising from neglect to perform the duty enjoined, or from negligence and unskillfulness in its performance."

Johnston v. District of Columbia, 118 U. S. 19, 6 Sup. Ct. 923, 30 L. Ed. 75, involved the liability of the District for damage to land occasioned by the overflow of water from a sewer, upon the theory that the plan on which the sewer had been constructed by the authori-

ties of the District had not been judiciously selected. The court ruled that the duties of the municipal authorities, in adopting a general plan of drainage and determining when and where sewers shall be built and of what size and at what level, are of a quasi judicial nature, involving the exercise of deliberate judgment and discretion, and depending upon considerations affecting the public health and general convenience throughout an extensive territory, and that—

"the exercise of such judgment and discretion, in the selection and adoption of the general plan or system of drainage, is not subject to revision by a court or jury in a private action for not sufficiently draining a particular lot of land. But the construction and repair of sewers, according to the general plan so adopted, are simply ministerial duties, and for any negligence in so constructing a sewer, or keeping it in repair, the municipality which has constructed and owns the sewer may be sued by a person whose property is thereby injured."

In City of Chicago v. Seben, 165 Ill. 371, 46 N. E. 244, 56 Am. St. Rep. 245, the plaintiff had stepped into a sewer inlet in a public street and sustained severe injuries. The trial court refused to instruct the jury, at the request of the city, that "if the sewer was constructed in accordance with a general plan, not in itself intrinsically dangerous, under the direction of the municipal authorities," plaintiff could not recover. After stating the general rule that municipal corporations are not to be° held liable for damages for the manner in which they exercise in good faith their discretionary powers of a public or legislative or quasi judicial character, adding that they are liable when their duties° cease to be judicial in their nature and become ministerial, the court said:

"The adoption of a general plan of sewerage involves the performance of a duty of a quasi judicial character, but the construction and regulation of sewers and the keeping of them in repair, after the adoption of such general plan, are ministerial duties, and the municipality, which constructs and owns such sewers, is liable for the negligent performance of such duties. 1 Beach on Public Corp. § 766; Johnston v. District of Columbia, 118 U. S. 19; Seifert v. Brooklyn, 101 N. Y. 136."

The court further said:

"The refused instructions of the appellant referred only to the original construction of the sewer, and ignored the question whether or not the same, after it was constructed, had been kept in proper repair; they ignored the doctrine that where the city has adopted a plan and created an existing condition in a street in pursuance thereof, if that condition renders the street unsafe, the city must go further and perform the duty cast upon it, growing out of the statute, to exercise ordinary care to make the street, thus incumbered with the product of its plan, reasonably safe for public travel."

See, also, Hart v. Neillsville, 125 Wis. 546, 104 N. W. 699, 1 L. R. A. (N. S.) 952, 4 Ann. Cas. 1085.

It is in effect contended, however, that the decision in Harris v. District of Columbia, 256 U. S. 650, 41 Sup. Ct. 610, 65 L. Ed. 1146, 14 A. L. R. 1471, is inconsistent with the ruling announced in the decisions to which we have referred. The facts in the Harris Case were as follows: To prepare the streets of Washington for sweeping, they were sprinkled from portable tanks. While filling one of these tanks through a hose connected with a water plug, a corporate employee

negligently dropped the plug cover and injured a child, in whose behalf suit for damages was brought against the District. After stating the established doctrine that when acting in good faith municipal corporations are not liable for the manner in which they exercise discretionary powers of a public or legislative character, the court said:

"Nothing else appearing, we are of opinion that, when sweeping the streets, a municipality is exercising its discretionary powers to protect public health and comfort and is not performing a special corporate or municipal duty to keep them in repair."

It thus appears that, instead of modifying the rule announced in prior cases, the court in effect reaffirmed it. There was involved no defect in a public street or negligence with respect to its condition, situations the court was careful to exclude from the scope of the decision.

[3] In the present case there is no challenge of the general plan of drainage under which the sewer was constructed. The contention is that the District negligently performed the ministerial duty of constructing and maintaining this catch-basin, located as it was in a public street, and that such negligence rendered the street unsafe and occasioned plaintiff's injury. Since, as ruled in the Johnston Case, 118 U. S. 19, 6 Sup. Ct. 923, 30 L. Ed. 75, the municipality is liable for injury to property through the negligent construction or maintenance of a sewer, its liability is at least equally certain in a case where it has failed in its positive duty to maintain a street in reasonably safe condition for public travel. Whether this catch-basin was in fact negligently constructed or maintained is, of course, a question for the jury, under proper instructions from the court, regard being had to its location as already indicated.

[4] One other question remains. Plaintiff was injured on February 14th, and on March 23d following, while he was in the hospital, suffered a fainting spell as a result of a sore throat which had developed suddenly. He left the hospital a month later, when he consulted his physician concerning a swollen wrist. Plaintiff sought to show that this condition, which had become serious, was brought about by his lowered vitality. The physician from whom this testimony was sought to be elicited testified as follows, under examination by the court:

"Q. Doctor, the accident itself would not have furnished an explanation of the sore throat, would it? A. No, sir.
"Q. And the sore throat might have come from exposure? A. Possibly.
"Q. Or contagion, or many other causes? A. Yes, sir.
"Q. The accident weakened his vitality? A. Yes, sir.
"Q. And made him more subject to the effect of those other causes in relation to his throat? A. Undoubtedly.
"Q. And thus produced the sore throat? A. Yes, sir.
"Q. It was the arthritis which you attribute to the sore throat? A. Yes, sir.
"Q. Now arthritis is what? A. Inflammation of the lining of the joints."

To the exclusion of testimony concerning the arthritis plaintiff excepted. We agree with the trial court that this testimony was too remote; in other words, that, as admitted by the physician, the accident itself would not have furnished an explanation of the sore

throat, which was the forerunner of the arthritis. This conclusion, we think, is within the rule announced in Railway v. Kellogg, 94 U. S. 469, 24 L. Ed. 256, and Scheffer v. Railroad, 105 U. S. 249, 26 L. Ed. 1070.

The judgment is reversed, with costs, and cause remanded for a new trial.

Reversed and remanded.