## DISTRICT OF COLUMBIA v. BAUER.*

(Court of Appeals of District of Columbia. Submitted March 3, 1925. Decided April 6, 1925.)

No. 4161.

**I. District of Columbia ☞27—District held liable for injuries from defective sidewalk.**

Where pedestrian was injured by stumbling over abrupt variation between surface of sidewalk and cement platform permitted to be erected and maintained on sidewalk, District could not avoid liability on ground that injury was result of execution of a plan of construction, but its liability was one arising from duty of maintaining streets in reasonably safe condition.

**2. Appeal and error ☞882(12)—Giving of instruction may not be complained of by party requesting it.**

Giving of instruction may not be complained of by party requesting it.

Appeal from Supreme Court, District of Columbia.

Action by Catherine H. Bauer against the District of Columbia. From a judgment for plaintiff, defendant appeals. Affirmed.

F. H. Stephens and R. L. Williams, both of Washington, D. C., for appellant.

A. L. Newmeyer and M. W. King, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a judgment upon the verdict of a jury in an action for personal injuries sustained by the plaintiff, appellee here, as a result of her fall on a sidewalk.

*Certiorari denied 45 S. Ct. 636, 69 L. Ed. —.

The accident occurred near the junction of the sidewalk on the northwest corner of Thirteenth Street (Northeast) with the sidewalk on D street, and on the outside edge of the walk, indicated by a cross on the following rough diagram we have evolved from the evidence, and which will aid in an understanding of the facts:

Commencing at the northerly edge of the D street sidewalk, and extending north along the edge of the Thirteenth street sidewalk for about 60 feet, the District of Columbia permitted to be erected and maintained a cement platform, which at its southerly end was flush with the level of the sidewalk, but at its northerly end some $9\frac{5}{8}$ inches higher than the sidewalk; the slope being gradual. The plaintiff was proceeding down Thirteenth street, to board a car which had stopped at D street, and was crossing the corner at the point indicated, when, not noticing the abrupt variation in the surface of the sidewalk and platform, she stumbled, fell, and was injured.

[1] It is not disputed that this platform was in the parking space owned and controlled by the District of Columbia, and the evidence is clear that, so far as the public was concerned, it was considered and used as a part of the sidewalk. Appellant contended below, as here, "that the sidewalk and parking space were constructed and maintained in accordance with a scheme or plan," and that a municipal corporation is not liable in damages where injury follows as the result of the execution of a plan or type of construction.

The liability of the District of Columbia in this class of cases quite recently was considered and established by this court in Dis-

trict of Columbia v. Caton, 48 App. D. C. 96, and Stephenson v. District of Columbia, 54 App. D. C. 297, 297 F. 876. In the former case it was said: "We think the liability·of the District here must be treated as arising primarily from the paramount duty imposed upon it of maintaining the streets in reasonably safe condition." In the latter case, the question before the court was thus stated: "The precise question here, therefore, is whether the District may avoid liability for failure to keep a public street in reasonably safe condition by asserting that the unsafe condition was the result of the exercise by the District of a discretionary power or governmental function." After a full review of the authorities, we answered in the negative, and, inasmuch as these two cases contain a thorough exposition of the views of this court, we shall do no more than cite them.

[2] At the request of the District, the trial court granted an instruction in which there was submitted to the jury the question whether the plan adopted and approved by the District in this case "was a reasonably safe plan under all the circumstances." It now is urged that the court erred in submitting this question to the jury. But this action, having been taken at the request of the District, may not be challenged here. Moreover, this was merely another way of submitting to the jury the question whether, under all the evidence, plaintiff had established that the sidewalk was dangerous and unsafe at this point. The general charge of the court was a model of clarity and fairness, and, finding no error in the record, we affirm the judgment, with costs.

Affirmed.