## DISTRICT OF COLUMBIA v. CHESSIN.
### No. 6040.

United States Court of Appeals for the District of Columbia.

Nov. 5, 1934.

See, also, 61 App. D. C. 260, 61 F.(2d) 523.

William W. Bride, Corp. Counsel, and Robert E. Lynch, Asst. Corp. Counsel, both of Washington, D. C., for appellant.

Joseph C. Turco and Alvin L. Newmyer, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal by the District of Columbia from a judgment on a verdict for the plaintiff (appellee) in a negligence case.

The plaintiff claimed damages for expenses incurred and consortium lost through injury to his wife when the motorcar in which they were riding, and which he was driving, passed over a gutter or depression alleged to have been negligently permitted at a street intersection in a suburban section of the city of Washington.

The evidence tends to show that at midnight on January 9, 1929, the appellee, while returning from Baltimore, was driving west on Irving Street Northeast, with his daughter beside him, and his wife in the rear seat. As they reached Sixteenth street the car jolted, throwing Mrs. Chessin violently to the floor and injuring her.

There is considerable evidence touching the extent of the injuries, the expenses caused thereby, and the topography of the area. In the view we take of the case, we need concern ourselves only with the last.

The testimony on both sides shows that the method of draining surface waters in that suburban area was by gutters on each side of Sixteenth street, which gutters were widened at intersections for better passage of traffic. The appellee contends that the negligent construction and maintenance of the gutter and approach thereto occasioned the accident. The duty alleged to have been

breached by the District of Columbia was the duty to keep that street intersection in a reasonably safe and proper condition for traffic.

The plaintiff's first burden in the cause was to prove that breach, and the defendant's knowledge thereof, actual or constructive. In that connection there was much testimony from both sides descriptive of the surface and drainage of the intersection; and the engineer in charge of highways for the District testified for the defendant that there were no storm-water sewers in that area. Whereupon, the plaintiff's counsel asked if it were not feasible to put storm-water sewers there, and, over objection, was told that it was feasible.

Thereafter, in rebuttal, the plaintiff was permitted to show by a witness and by office records that there was a storm-water sewer pipe under the center of Sixteenth street, but because it was not connected with other pipes and sewers in the area, it was no part of the existing drainage system. That testimony being admitted over objection and subject to exception, the District engineer was recalled and he testified that when he said there was no storm-water sewer there, he meant that there was no such sewer forming part of the drainage system existing at the time of the accident, and that he thought that was what counsel's questions in his earlier examination referred to.

But there was a storm-water pipe then underground in that area, though not connected, and there were then no facilities for draining the surface water into that pipe at the street intersections.

The admission of this testimony is the ground of appellant's assignments of error numbered 12, 14, 15, and 16, which we regard as well taken.

In District of Columbia v. Pierce, 44 App. D. C. 126, the plaintiff had been injured by catching her foot in the loose cover of a sewer, and evidence was admitted that the District was using in other places sewer covers of other patterns and improved models. In reversing a judgment for the plaintiff, the court said (page 141 of 44 App. D. C.): "The question for the jury to determine was whether the cover in question was in safe condition. It was not for them to compare it with a later type adopted by the District, and find that it might have been safe if substituted by the later construction of the better type. The responsibility cannot be made to depend on the varying opinions of juries as to what kind of structure the District of Columbia should have used in its construction. It was not bound to insure the absolute safety of the appliances, nor is it bound to supply the best and safest, or newest, of those appliances for the purpose of securing the safety of persons coming in contact therewith."

And our conclusions in that case, as in this, are in accord with Johnston v. District of Columbia, 118 U. S. 19, 6 S. Ct. 923, 30 L. Ed. 75.

In the present case the foregoing testimony was clearly and seriously prejudicial to the defendant. Aside from its possible interpretation as a contradiction of the engineer, it invited the jury to conclude that the system of sewers there and then in use was inferior to that of the more closely settled or more heavily traveled portions of the city. And it suggested that the existence of the storm-water pipe as a preparatory part of a contemplated future change of system was a tacit admission of present inferiority, and encouraged an unwarranted inference that the accident might have been averted if the change had been made before its occurrence. All of which prejudiced and obscured the issue before the jury, which was not whether the system in use was of earlier or later type, better or worse than another, but whether the roadway involved as then constructed was reasonably safe for the passage of traffic. See Dist. of Col. v. Haller, 4 App. D. C. 405; District of Columbia v. Boswell, 6 App. D. C. 402; and District of Columbia v. Bauer, 55 App. D. C. 280, 4 F.(2d) 947.

For the reasons stated the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

ROBB, Associate Justice (concurring).

I concur, but in my view the record discloses contributory negligence on the part of the plaintiff. Therefore, the trial court as a matter of law should have granted the peremptory instruction requested by the defendant.