## COMMISSIONER OF INTERNAL REVENUE v. STIMSON MILL CO.

### No. 10202.

Circuit Court of Appeals, Ninth Circuit.

July 27, 1943.

Samuel O. Clark, Jr., Asst. U. S. Atty. Gen., and Sewall Key, Arthur A. Armstrong, and George H. Zeutzius, Sp. Assts. to Atty. Gen., for petitioner.

Robert W. Maxwell, of Seattle, Wash., for respondent.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

On June 28, 1940, the Commissioner mailed to the taxpayer a notice of a deficiency of $380 in its income tax for 1938. On August 19, 1940, the taxpayer filed a petition with the Board of Tax Appeals for a redetermination of the deficiency. On January 27, 1942, the Board entered its decision, finding no deficiency in income tax for 1938. The case is brought to this court on the Commissioner's petition for review.

All the facts were stipulated, and were found by the Board as stipulated. In 1930 the taxpayer transferred cut-over timberland to Second Holding Corporation in exchange for all the latter's stock. Second Holding Corporation was organized solely for the purpose of liquidating the land, and transferring the proceeds to the taxpayer. Proceeds were distributed to the taxpayer in 1931, 1932, 1937, and 1938.

With the 1938 distribution, the liquidation of Second Holding Corporation came to an end and that company was abandoned. The taxpayer claimed a loss deduction of $2,000, the maximum permitted under the Revenue Act of 1938, c. 289, 52 Stat. 447, 26 U.S.C.A. Int.Rev.Acts, page 1001 et seq. It was disallowed by the Commissioner on the theory that no loss could be recognized for tax purposes because of Section 112(b) (6) of that Act. The Board held that section inapplicable, solely for the reason that the section affects "property" distribution only, and that, since "money" was distributed in the instant case and "property", in the Board's view, does not include "money", the statute does not bar the taxpayer's claim to a tax deduction for loss.

The taxpayer, however, earnestly argued before the Board and has repeated the contention in its brief filed in this court, that the section in question does not apply to the loss claimed by it for the additional reason that in the case at bar there was no "distribution in complete liquidation". This, the taxpayer insists, is the "first and real issue" in the case. The Board's opinion completely ignores this contention, as does the Commissioner's brief before this court.

■ In our view, this question of the completeness of liquidation is decisive of the cause, and renders unnecessary the consideration of whether or not, as contended by the Commissioner, "property" includes "money". Although the Board disregarded this element of the controversy and based its decision upon a totally different ground, this does not preclude the Court from affirming the case on a theory seasonably urged by the taxpayer below and strenuously argued here. It is elementary appellate doctrine, repeatedly recognized by this court, that the reviewing court "may affirm a case on grounds other than those which prompted the judgment below." Commissioner of Internal Revenue v. Bryson, 9 Cir., 79 F.2d 397, 402; Childers v. Commissioner of Internal Revenue, 9 Cir., 80 F.2d 27, 29.

The pertinent provisions of section 112 (b) (6) follow:

"(6) Property received by corporation on complete liquidation of another.—No gain or loss shall be recognized upon the receipt by a corporation of property distributed in complete liquidation of another corporation. For the purposes of this paragraph a distribution shall be considered to be in complete liquidation only if—
* * *

"(B) no distribution under the liquidation was made before the first day of the first taxable year of the corporation beginning after December 31, 1935."

The stipulation filed in this case specifically sets forth that Second Holding Corporation was organized for the sole purpose of liquidating the taxpayer's timber land and transferring the proceeds to the taxpayer; and that the corporation thus organized sold land from time to time and transferred the avails therefrom to the taxpayer during several years, including 1931 and 1932. In other words, a part of the distribution took place prior to December 31, 1935.

■ By statutory definition, therefore, the liquidation in the instant case was not

"complete" and consequently did not bar the taxpayer from claiming a loss thereon.

The taxpayer also relies upon other asserted elements in the case that protect him from the bar set forth in section 112(b)(6). It is not necessary for us to consider these other contentions however, since the Commissioner's failure to show that the taxpayer comes within the provisions of paragraph (B) is determinative of the cause.

Accordingly, the decision of the Board is affirmed.

Affirmed.

HANEY, Circuit Judge, did not participate in the consideration or decision in this case.