BOYCE et al. v. UNITED STATES.

HUISKAMP et al. v. UNITED STATES.

WELLS v. UNITED STATES.

CAMPBELL et al. v. UNITED STATES.

Civ. Nos. 236, 240, 241, 1-6.

United States District Court
S. D. Iowa, E. D.
Oct. 3, 1950.

G. L. Norman and Harold F. Martin, of Keokuk, Iowa, for H. L. Boyce and another.

N. E. McManus (of McManus & McManus), Keokuk, Iowa, for James Huiskamp, Jr., Jean Huiskamp and Madeline C. Wells.

Robert H. Walker (of Boyd, Walker, Huiskamp & Concannon), Keokuk, Iowa, for H. Campbell and another.

Wm. R. Sheridan, Asst. U. S. Atty., Keokuk, Iowa, Wm. R. Hart, U. S. Atty., Iowa City, Iowa, Cloid I. Level, Asst. U. S. Atty., Des Moines, Iowa, for defendant.

SWITZER, District Judge.

These are actions against the United States of America for damages alleged to be due by reason of certain negligent and wrongful dynamite blasting operations carried on by the defendant through its agents and employees, acting within the scope of their authority, in the channel of the Mississippi River near Keokuk, Iowa, during the period between April 1947 and May 1948, for the purpose of deepening the channel for navigation in said river at said point.

These cases were by order of the court consolidated for trial and since the issues to be here determined are identical one with the other, this opinion shall be applicable to each cause with like force and effect.

Jurisdiction is based in the complaints and depends entirely upon the Federal Tort Claims Act, Chapter 171, § 2671 et seq., and Section 1346 (b), Title 28 U.S.C.A.

Each complaint is in two counts. The first count is based upon specific allegations of negligence or wrongful acts, to wit:

(a) that defendant permitted its employees to set off high explosive dynamite blasts with resultant damage to plaintiffs' property;

(b) in using heavier charges than were necessary to perform the work and operation involved.

(c) in continuing to use explosives after complaint had been made.

The second count in each complaint was based upon a general allegation of negligence with the assertion that all of the instrumentalities causing the damage to plaintiffs' properties were under the exclusive control of the United States and that the plaintiffs relied upon the doctrine of res ipsa loquitur.

A separate answer was filed in each complaint and the answer in each action set up three defenses. The first and third defense in each answer was that the complaint failed to state a claim upon which relief could be granted or which was within the jurisdiction of this court, because the actions complained of involved the exercise or performance of a discretionary function or duty on the part of a federal agency or employee of the Government, within the meaning of Section 2680(a), Title 28 U.S.C.A., which reads: "Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The second defense was a formal plea to the complaint, specifically denying each of the acts of negligence, as well as liability under the doctrine or res ipsa loquitur, and further denying damage to the plaintiffs' properties, if any, proximately resulting from the acts complained about.

At the conclusion of the presentation of the plaintiffs respective proof, defendant moved the court to dismiss the causes on the ground that the plaintiffs had respectively failed to sustain their burden in the matter of proving the commission of specific acts of negligence by the defendant or any of its agents or employees. Defendant also moved the court to require plain-

tiffs to elect on which count of their respective complaints they sought to rely—either on the specific acts of negligence charged in Count 1, or on the doctrine of res ipsa loquitur charged in Count 2.

The court overruled the Government's motions made at the close of the plaintiffs' case, but the Government renewed them at the close of the trial and the court reserved a final ruling thereon.

A review of the entire record compels the present conclusion that the Government's motion to dismiss as to Count 1 of the plaintiffs' respective complaints should be sustained, as the plaintiffs have failed to establish their respective burden in proving specific acts of negligence.

I am also constrained to sustain the Government's motion to dismiss as to Count 2 of these complaints for the reason that the wrongful acts complained of therein come squarely within the meaning of Section 2680(a), Title 28 U.S.C.A., when applied to the facts in these cases.

Plaintiffs under this record, it is true, succeeded in establishing to the court's satisfaction their burden of proving that their properties were damaged by reason of the blasting operations in question and that the injuries to these properties so suffered proximately resulted from these blasting operations. In the absence therefore of the application of Section 2680(a), supra, a recovery in some amount would of necessity have followed in each case, since it is fundamental that under the substantive law of Iowa dynamite is a dangerous instrumentality, the use of which, so as to damage the property of another, constitutes a wrongful act for which recovery may be had, even without a specific charge of negligence or the proof thereof. Watson v. Mississippi River Power Co., 174 Iowa 23, 156 N.W. 188; and see annotation 92 A.L.R. 741.

Unless the pleadings show upon their face the applicability of the "discretionary function" exception contained in Section 2680(a), supra, the same must be raised by way of an affirmative defense and the burden therefore devolves upon the Government to establish its applicability.

In the instant situation, it is established by the testimony of H. W. Bischman, a civil engineer who was at all times pertinent an employee of the Corps of Engineers of the U. S. Army, with headquarters at Rock Island, Ill., that this office had been approached by navigation interests complaining of the insufficient depth of the water and urging action to deepen the channel in the Mississippi River adjacent to Keokuk, Ia. That pursuant thereto he and the staff of engineers at the Rock Island District headquarters office of the Corps of Engineers prepared plans and specifications for the project of deepening the said channel, giving due consideration to previous experience in similar blasting operations as to the charges of dynamite to be used, both as to quantity and methods of detonation. These plans and specifications were then caused to be submitted to the Chief of Engineers in Washington, D. C., for the approval of the Department of the Army. Such plans were by the Chief of Engineers somewhat changed but remained substantially as submitted, and that the entire work, including the dynamiting complained of, was done in conformity with the plans and specifications so approved by the Department of the Army, acting through the Chief of Engineers.

The authority of the United States through its legislative branch to improve navigation in the navigable streams of the country is found in the commerce clause of the Constitution of the United States. Art. 1, Sec. 8, Cl. 3. The Congress in pursuance of that constitutional authority enacted Chapter 12, § 541 et seq., Title 33 U.S.C.A., relating to River and Harbor Improvements. The Appropriation Act of the 79th Congress, 2nd session, provided funds for the fiscal year ending June 30, 1947, for civil functions administered by the War Department—

"* * * To be immediately available and to be expended under the direction of the Secretary of War (now Secretary of the Army) and the supervision of the Chief of Engineers, and to remain available until expended: * * *"

"* * * for examinations, surveys, and contingencies of rivers and harbors; for the execution of detailed investigations and the preparation of plans and specifications for projects heretofore or hereafter authorized; * * *." 60 St. L. p. 160, 161, 162.

And the 80th Congress, 1st Sess., likewise provided funds under the same terms and conditions as the appropriation act above cited, for the fiscal year ending June 30, 1948. 61 St. L. pp. 687, 688.

Under the facts in this case, it is manifest that acting under the congressional authority above noted the Chief of Engineers was invested with a discretion of the broadest character in deciding upon the plans for deepening the channel of the Mississippi River adjacent to Keokuk, Iowa, for navigation purposes, as well as the means to be employed by the Corps of Engineers, its agents and employees, in carrying out the work of the project to its predetermined conclusion. Thus it seems apparent that the actual discharging of the dynamite in the river bed was an integral part of the over-all project as planned and decided upon by the Chief of Engineers in Washington, D. C. The dynamite blasting operation therefore which caused injury to the complainants' properties was no mere incidental job of a purely ministerial nature, but rather it was an integral part of the project itself, having been duly considered and decided upon by the Chief of Engineers for and on behalf of the Department of the Army.

Having concluded that the dynamite blasting in the bed of the Mississippi River at Keokuk, Ia., proximately resulted in damage to the plaintiffs' properties, and that under the substantive law of this State such blasting was tortious and actionable, nevertheless in the present case recovery cannot be had unless it should be found that the sovereign immunity to suit in tort has been waived by the Federal Tort Claims Act.

It is my opinion that Section 2680(a) of Title 28 U.S.C.A., when carefully and literally construed so as to give effect to the true congressional intent must be divided into two parts, the first of which would read, as follows:

(1) "Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid".

(2) Any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The word "or" preceding the words "based upon the exercise or performance * * *" in part 2 must be held to have been used in the disjunctive separating parts 1 and 2 above. Part 2 is obviously the only portion of the exception applicable to the instant situation Thus it follows that whether the decision made by the Chief of Engineers in approving the plans and specifications did or did not amount to negligence, or a wrongful act, is immaterial. Likewise, the acts of the agents and employees of the Government, in carrying out these plans and specifications, whether or not tortious, do not alter the situation or render the exception inapplicable. Thomas v. United States, D.C., 81 F.Supp. 861. A different result might have obtained if the agents and employees actually discharging or detonating the dynamite had deviated in so doing their duty from the discretionary plan approved by the Chief of Engineers.

It is argued that the case of Johnston v. District of Columbia, 118 U.S. 19, 6 S. Ct. 923, 30 L.Ed. 75, is authority for a holding here that the actual blasting operations were the performance of a ministerial function in character and not a part of the discretion exercised by the Chief of Engineers. I cannot subscribe to this view. The Johnston case is clearly distinguishable from the case at bar in that the plans and specifications by the District of Columbia did not include the method of doing the work.

[3] The opinion herein expressed that the acts complained of were within the performance of a discretionary function on

870

the part of government employees as defined in Section 2680(a), supra, finds support in the majority rule announced by the federal courts. See Coates v. United States, 8 Cir., 181 F.2d 816, and cases therein cited.