**ELLISON et al. v. UNITED STATES.**
No. 829.

United States District Court
D. Nevada.

June 8, 1951.

Skeen, Bayle & Russell, Salt Lake City, Utah, for plaintiffs.

William J. Cashill, Special Atty. Department of Justice, Reno, Nev., for defendant.

FOLEY, District Judge.

Defendant United States moves to dismiss plaintiffs' complaint on the following grounds: (1) Failure to state facts sufficient to constitute a claim upon which relief can be granted; (2) lack of jurisdiction under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b) and 28 U.S.C.A. §§ 2671 to 2680; and (3)—which seems to be defendant's main contention as to lack of jurisdiction—that the alleged negligent or wrongful acts of the employees of the United States were wholly discretionary in character and within the exception contained in 28 U.S.C.A. § 2680; and (4) that the claim is barred by the provisions of 28 U.S.C.A. § 2401.

Plaintiffs' action is based upon a claim made September 6, 1949, against the Carson Indian Agency, Bureau of Indian Affairs, Department of the Interior of the United States, and United States.

It is alleged in Paragraph VI of the complaint that: "On the 13th day of January, 1939, the United States, by Oscar L. Chapman, Assistant Secretary of the Interior, entered into a contract in writing with one Frank D. McCulloch, individually and as guardian in the estate of Howard L. McCulloch, Adelaide Mullaney Sullivan and Regina Mullaney for the division among themselves of all waters of the said McDermitt Creek and for the construction across the said McDermitt Creek of a rock and concrete weir and dam for the diversion of the waters of the said McDermitt Creek to and upon lands owned or then being acquired by the United States. A copy of said contract is attached hereto as Exhibit 'C' and made a part of this Complaint."

Paragraph X of the complaint recites: "On or about the month of March, 1945, the officers, agents and employees of the said Carson Indian Agency, Bureau of Indian Affairs acting in the line of their duties, but in disregard of the decree of the District Court of Humboldt County, constructed a weir across the channel of McDermitt Creek at or near the common corner of Sections 3, 4, 9 and 10, Township 47 North, Range 37 East, and diverted all of the flow of the said stream from the channel of Quinn River and since said time, have continued to maintain the said weir and dam and have continued to divert the water from the said McDermitt Creek and Quinn River and by such diversion, have deprived plaintiffs of the waters decreed to their said lands and of an adequate supply of water with which to irrigate their said hay lands and fields, have prevented them from stocking their ranch to the capacity to which it would otherwise be stocked, have prevented them for lack of irrigation, from growing hay and forage for the said livestock. But for such diversion, they would have secured from the said Quinn River, through the said McDermitt Creek, water with which to irrigate said lands and to produce full crops of hay."

In Paragraph XI of the complaint plaintiffs assert that the officers and agents of the Carson Indian Agency have continuously, since 1945, wrongfully violated the terms of the decree of 1919 by construction of the dam, impeding the flow of the stream, diverting the waters in violation of the priorities, established by said decree, diverting waters in excess of the waters decreed to the predecessors-in-interest of the United States. It appears from the contract referred to in Paragraph VI of the complaint (Ex. "C" attached to and made a part of the complaint) and from the application to the State Engineer of Nevada, referred to in Paragraph VII of the complaint and attached thereto as Ex. "D", that the purpose of the complained of diversion was the obtaining of water for irrigation, stock and domestic purposes on lands owned by the United States known as the "Giacemetto Ranch".

Defendant's view of this complaint is expressed on p. 3 of the Memorandum of Points and Authorities in support of defendant's Motion to Dismiss as follows: "It is likewise disclosed on the face of the complaint that the sole and only acts complained of by the plaintiffs against the

United States are that its agents 'acting in the line of their duty' constructed the above-mentioned weir across the channel of Mc-Dermitt Creek as provided for in the contract. By means of that weir, it is also alleged, the United States has diverted all of the flow of the stream in question from the channel of the Quinn River. This it is alleged by plaintiffs deprives them of waters decreed to their lands."

Defendant goes on to state in the Memorandum that: " * * * the only basis for the claim which plaintiffs are asserting is that the agents of the United States, in their line of duty, have constructed a weir which is required for the utilization of rights to the use of the water owned by the United States."

And it is urged, p. 13 of said Memorandum: "The plans adopted in constructing the weir complained of and the manner of exercising the rights residing in the United States are discretionary functions specifically exempt from the waiver of sovereign immunity under which plaintiffs seek to proceed."

Defendant's view seems to be that the construction of this weir and dam constituted an exception within the provisions of 28 U.S.C.A. § 2680, the applicable portion of which is as follows:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The gravamen of plaintiffs' complaint is not the construction of a weir or dam but is that since on or about the month of March, 1945, defendant United States of America has, in disregard of the decree of the District Court of Humboldt County, Nevada, wrongfully diverted from streams mentioned in the complaint the flow of water to which plaintiffs are entitled by virtue of said decree.

Defendant's view seems to be that the acts complained of fall within that category of administrative conduct involving the exercise of deliberate judgment and large discretion affecting the public interests. The applicable cases cited by defendant generally are concerned with acts or omissions involving the exercise of judgment and discretion having to do with great projects and matters of public interest and welfare. Illustrative of that class of cases are: Johnston v. District of Columbia, 118 U.S. 19, 6 S.Ct. 923, 30 L.Ed. 75; Coates v. United States, 8 Cir., 181 F.2d 816; Olson v. United States, D. C., North Dakota, 93 F.Supp. 150, and Boyce v. United States, D. C. E.D. Iowa, 93 F.Supp. 866.

■ Under the complaint here, evidence could be adduced at the trial showing that defendant is not engaged in a public work or project affecting considerations of public interest and that the Government is acting in a proprietary capacity as successor in interest of the lands here known as "Giacemetto Ranch Lands", and the water rights appurtenant as defined and fixed by the decree of April 9, 1919, of the Sixth Judicial District Court of the State of Nevada for Humboldt County. The complaint charges wrongful diversion of water contrary to said decree. If defendant's predecessors in interest were named parties defendant in a complaint based on facts similar to those alleged here, an action could be maintained under the laws of the State of Nevada for alleged acts or omissions like those charged here.

By 28 U.S.C.A. § 1346, an action may be brought against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The present case may be distinguished from Coates v. United States, 8 Cir., 181 F.2d 816, 817. It was there held that the words "discretionary function or duty" in

§ 2680 of T. 28 U.S.C.A. were by the "Congress very deliberately used * * * to continue to exclude judicial authority from interference with lawful legislative and executive action * * *." It does not appear on the face of the complaint that this is a "* * * suit for damages against the Government growing out of an authorized activity, such as a flood-control or irrigation project, * * *" or any other authorized activity for the public welfare. The only activity disclosed by the complaint is the diversion of water contrary to the decree of the Nevada Court. The claim here does not appear to be within the exception contained in said § 2680.

As held by Judge Darr in Grant v. Tennessee Valley Authority, D. C., 49 F.Supp. 564, the Government should respond in damages for wrongs committed when it is engaged in the same activities as its citizens.

In Paragraph I of the complaint plaintiffs inadvertently refer to § 2675(d) instead of § 2675(b) of 28 U.S.C.A. The correction may be made by interlineation.

Plaintiffs have not alleged the prerequisites defined by § 2675 of 28 U.S.C.A. but this defect may be met by amendment.

The remaining ground urged by defendant in support of the Motion to Dismiss is that the action is barred by the Statute of Limitations, viz., 28 U.S.C.A. § 2401.

The complaint was filed on November 25, 1949. 28 U.S.C.A. § 2401 was amended in 1949 to provide "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, which ever is later, * * *." The amendatory sentence became effective April 25, 1949, Public Law 55, 81st Congress.

From House Report No. 276 of March 21, 1949, it is apparent that it was intended that the bill would revive otherwise expired claims, accruing on or after January 1, 1945. Vol. 2 U.S. Code Congressional Service 1949, p. 1227.

It Is Therefore Ordered: Except as hereinafter indicated, the motion to dismiss is denied.

Unless the plaintiffs amend the complaint as suggested herein within thirty (30) days from the date of the filing of this Order, the Court will, upon application of the defendant, enter its Order dismissing the action.