Maurice SULLIVAN, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 52 C 1961.

United States District Court
N. D. Illinois, E. D.

April 18, 1955.

See also 120 F.Supp. 217.

Kamin & Gleason, Chicago, Ill., for plaintiff.

R. Tieken, U. S. Atty., for Northern Dist. of Illinois, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This is an action filed under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2678, 2680. The facts of the case can be briefly stated. On March 30, 1952, Maurice Sullivan was driving his automobile west on 60th Street, in the City of Chicago, State of Illinois. He was crossing the intersection of 60th and Justine Streets when a car driven by one Daniel Thomas collided with the left rear of his car, the plaintiff sustaining personal injuries as well as property damage to his automobile. At the time of the accident, Thomas was a special agent of the Federal Bureau of Investigation, acting within the course and scope of his employment. It appears that Thomas was in the act of pursuing and attempt-

ing to apprehend a person whose arrest had been ordered by the Department of Justice. In seeking to achieve this end, Thomas was driving his unmarked car at an excessive rate of speed in a congested area, sounding no horns or sirens to clear his path. There can be no doubt that his actions constituted negligence of the highest sort for which the Government must be held liable, in the absence of other considerations.

The test to be applied in a case of this sort has been clearly enunciated by Section 1346(b) of Title 28, U.S.C.A. This section provides that the Government shall be liable "for injury * * * of property, or personal injury * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The Government contends, however, that the activity complained of constitutes a "discretionary function" within the purview of 28 U.S.C.A. § 2680(a). This section provides as follows:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The issue to be decided is whether Daniel Thomas was exercising a discretionary function at the time of the collision which forms the grounds for this action. If he was, then the Government is not liable for the injuries sustained.

■■ At the outset it is necessary to distinguish between activity performed in accordance with official programs, plans, specifications, or schedules of operations and activity which, although performed at the command of a superior, is not so exercised pursuant to any plan, specification or program. The former activity falls within the realm of discretionary function within the meaning of the act, the latter activity does not. This is so because at the planning level it is discretionary whether to use one program or the other. Any activity at the operational level performed in accordance with the program or plan would thus succeed to be discretionary since its source would itself be discretionary. However, if the activity at the operational level was not performed in accordance with some plan or program, then the activity would not be discretionary and would be actionable. Such was the activity of the Government's agent in the instant case. He was not acting pursuant to any plan or program formulated at a higher level but was merely acting under an order that a certain person be arrested. This activity admits of no discretion and the Government must be held liable since the Government, if a private person, would unquestionably be held liable for the negligent conduct of its agent in the present case.

It cannot be doubted that this is the result that Congress has intended. By making the Government liable for the negligent actions of its agents, Congress has ordained that the loss is to be borne by the collective whole and not by the individual who chances to be present, and thus injured, when certain tortious conduct on the part of an agent of the Government is committed. To subscribe to the contention advanced by the Government in this case, would be to hold that Congress has with one hand waived the immunity from suit and with the other hand taken it back. Such would be the

case if I were to hold that the activity complained of is not actionable.

The result reached is in conformity with the cases cited by the Government. In Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427, the Supreme Court held that the acts found to have been negligent by the District Court were performed "under the direction of a plan developed at a high level under a direct delegation of plan-making authority from the apex of the Executive Department. The establishment of this Plan, delegated to the Field Director's Office * * * clearly required the exercise of expert judgment." Dalehite v. United States, 346 U.S. 15, at page 40, 73 S.Ct. 956, at page 970. This case, rather, is authority for the plaintiff's position since the Supreme Court stated, 346 U.S. at page 28, 73 S.Ct. at page 964, that uppermost in the mind of Congress were the ordinary common-law torts, such as " 'negligence in the operation of vehicles.' " At page 34, of 346 U.S., at page 967 of 73 S.Ct. the Supreme Court said "that the draftsmen did not intend it to relieve the Government from liability for 'such common-law torts as an automobile collision caused by the negligence of an employee' * * * of the administering agency."

In Lewis v. United States, 3 Cir., 194 F.2d 689, there was no recovery since the plaintiff was guilty of contributory negligence and the specific act of wrongdoing constituted an assault and battery, for which complete exemption is provided under 28 U.S.C.A. § 2680(h). A similar conclusion was reached in Stepp v. United States, 4 Cir., 207 F.2d 909.

In Toledo v. United States, D.C., 95 F. Supp. 838, the United States Department of Agriculture had established an Experimental Station which conducted a program of research and experimentation with respect to the adaptability and usefulness of various tropical plants in Puerto Rico. A tree planted pursuant to this program fell and crushed the plaintiff's automobile. The court held that since the tree was included in the program of experimental plantings, then any determinations with respect to this tree would fall within the discretionary function exception of the act. Therefore, whether or not the tree should have been removed prior to its falling was a matter of discretion, and the failure to do so was a discretionary function and not actionable.

The case of Boyce v. United States, D. C., 93 F.Supp. 866, was an action for damage to property resulting from dynamite blasting operations of the United States in deepening a channel of the Mississippi River. The program of dynamiting was laid down by the Chief of Engineers for and on the behalf of the Department of the Army. The court concluded that since the dynamiting plans were the result of a discretionary function, then any activity performed in conformity with these plans was protected and the plaintiffs could not recover.

Upon consideration of these and other cases cited by the Government, I conclude that the exception contained in 28 U.S.C.A. § 2680(a) does not apply. Since the liability of the Government is clear, the remaining issue to be considered is the amount of damages to be awarded. After reviewing the factors of this case that must be considered in arriving at the amount of damages, I conclude that the sum of $10,000, plus the costs of suit, is fair and just.

Counsel for the plaintiff may prepare and file with the Court, in writing, within 20 days from the date hereof, proposed findings of fact, conclusions of law, and a draft of a proposed judgment, consistent with the views herein expressed, delivering copies thereof to counsel for Government. Within 20 days of the receipt of such copies, counsel for the Government may prepare and file with the Court, in writing, his observations with reference thereto and suggestions for the modification thereof, delivering a copy of such observations and suggestions to counsel for the plaintiff. Within 10 days thereafter counsel for the

plaintiff may present to the Court, in writing, his reply to such observations and suggestions. Whereupon, the matter of making findings of fact, conclusions of law, and judgment herein will be taken by the Court without further argument.