**Lillie Mae JONES, Appellant,**

v.

**The DISTRICT OF COLUMBIA, a Municipal Corporation, Appellee.**

**No. 1774.**

Municipal Court of Appeals for the District of Columbia.

Argued May 7, 1956.

Decided June 18, 1956.

Donald H. Dalton, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, Milton D. Korman and Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Miss Jones brought this action against the District of Columbia to recover for personal injuries resulting from a fall on a sidewalk alleged to have been negligently maintained by the District. At the conclusion of the evidence for plaintiff, defendant made a motion for directed verdict based on two grounds, namely: (1) That she failed to prove compliance with Section 12–208 of the District of Columbia Code in that neither the police report nor the report in writing to the Commissioners gave a sufficiently accurate date or time of the happening of the accident; and (2) That she failed to prove the District had actual or constructive notice of the condition of the sidewalk prior to the time of the accident. The court granted the motion on the first ground.

Code Section 12–208 provides that "no action shall be maintained against the District of Columbia for unliquidated damages * * * unless the claimant within six months after the injury * * * was sustained * * * gave notice in writing to the commissioners * * * of the approximate time, place, cause, and circumstances of such injury * * *." The accident actually occurred on October 24, 1954. However, in her notice to the Commissioners and to a representative of the Corporation Counsel's Office, as well as in her complaint, plaintiff alleged that it occurred on October 31. In her report to the police, the date of the accident was recorded as October 17. At pretrial the correct date was given and at trial the complaint was amended to show this. As can readily be seen, notice to the District was inaccurate by seven days.

Both parties agree that the statute should be strictly construed; however. plaintiff argues that such a construction of the phrase "approximate time" allows for a seven-day deviation, while the District argues that it does not. The trial court granted the directed verdict on the ground that the notice given by plaintiff was inadequate. Whether this ground was sound we need not consider. The question of whether the District had notice, either actual or constructive, of the alleged dangerous condition of the sidewalk is decisive of the case and renders unnecessary any consideration of how far the time given in the notice may deviate from the actual time of the accident. It is established doctrine that an appellate court may sustain a correct judgment on a different ground than that adopted by the trial court.[1] Where the judgment is predicated upon a directed verdict, we are not restricted to a consideration of the single ground stated by the trial judge as his reason for directing the verdict but we may affirm his action, if it is proper upon any ground urged in the motion for the directed verdict.[2] Appellate courts have usually applied this rule where for some reason they disagreed with the trial court's reason or ground for directing the verdict, but we know of no reason or purpose which precludes us from affirming the judgment on a ground urged in support of the motion both in the trial court and in this court, where such ground completely disposes of the case.

In this jurisdiction the primary obligation to keep the streets safe for walking rests upon the municipality and for negligently failing to do so, liability attaches;[3]

1. Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 150 F.2d 997, certiorari denied, 326 U.S. 777, 66 S.Ct. 267, 90 L.Ed. 470; Commissioner of Internal Revenue v. Stimson Mill Co., 9 Cir., 137 F.2d 286; Standard Oil Co. v. Lyons, 8 Cir., 130 F. 2d 965; Laughlin v. Eicher, 79 U.S.App. D.C. 266, 145 F.2d 700, certiorari denied 325 U.S. 866, 65 S.Ct. 1403, 89 L.Ed. 1985.

2. Barbaria v. Independent Elevator Co., 133 Cal.App.2d 657, 285 P.2d 91, 293 P.2d 855; Dickow v. Cookinham, 123 Cal. App.2d 81, 266 P.2d 63, 40 A.L.R.2d 1066; Sokolow v. City of Hope, 41 Cal.2d 668, 255 P.2d 451, 262 P.2d 841; Wershba v. City of Lynn, 324 Mass. 327, 86 N.E.2d 511, 14 A.L.R.2d 179.

3. Stephenson v. District of Columbia, 54 App.D.C. 297, 297 F. 876.

however, this does not mean that the District is an insurer of safety. Its liability sounds in negligence, such negligence being imputed from a failure to perform a duty.[4] With regard to the performance of this duty, the District must have timely notice, either actual or constructive, of the dangerous condition so that it may be repaired and the danger eliminated.[5]

 In this case it is not suggested that the District had actual notice; therefore the record must show evidence of constructive notice. Such notice is usually proven by showing that the street has remained in an unsafe condition so long that the District authorities ought to have known of it, if they had exercised ordinary care. Here, conceding the well-established rules which operate in favor of the party opposed to the motion,[6] the record does not reveal the slightest scintilla of evidence that the alleged dangerous condition of the sidewalk existed for such a period of time that the District, in the exercise of ordinary care, would or should have known of it. It certainly cannot be said that the dangerous condition of a public sidewalk, regardless of the period of its existence, operates as notice.[7] Yet plaintiff seems to have pitched her whole case on that theory and has offered no evidence as to how long the alleged defect existed.

Having failed to offer any evidence from which it could have been inferred that the District had notice of the alleged unsafe condition, the jury would have had to indulge in sheer guesswork to determine whether, the alleged defect had existed for a sufficient length of time to have charged the District with constructive notice. While it is true that plaintiff is entitled to every legitimate inference which may be deduced.

from the evidence, she is not entitled in the absence of any evidence as to how long the alleged defect existed, to have a jury speculate in her favor on this essential element.[8]

Although the trial court disregarded this ground in rendering its directed verdict, lack of such notice is decisive of the case. We affirm the judgment on that ground.

Affirmed.

4. Smith v. District of Columbia, 89 U.S. App.D.C. 7, 189 F.2d 671, 39 A.L.R.2d 773.

5. District of Columbia v. Woodbury, 136 U.S. 450, 10 S.Ct. 990, 34 L.Ed. 472; Woodbury v. District of Columbia, 5 Mackey 127, 16 D.C. 127; Aben v. District of Columbia, 95 U.S.App.D.C. 237, 221 F.2d 110.

6. Speirs v. District of Columbia, 66 App. D.C. 194, 85 F.2d 693.

7. District of Columbia v. Woodbury (see footnote 5).

8. Freund v. Hyman, 377 Pa. 35, 103 A.2d 658; Stottlemyer v. Groh, 201 Md. 414, 94 A.2d 449; Rotker v. City of New York, Mun.Ct., 124 N.Y.S.2d 231.