[Civ. No. 16659.  First Dist., Div. Two.  June 15, 1955.]

JOSEPH BARBARIA, Appellant, v. INDEPENDENT ELEVATOR COMPANY, INC. (a Corporation) et al., Respondents.

Chauncey McKeever for Appellant.

Barfield & Barfield, Daniel J. O'Brien, Jr., and Daniel J. O'Brien III for Respondents.

NOURSE, P. J.—Motion to dismiss appeal. The defendants and respondents Independent Elevator Company, Inc., and B. C. Van Emon Elevators, Inc., move to dismiss the appeal from the order denying plaintiff's motion to enter default as to them.

The action was brought by Barbaria for injuries sustained when an elevator he was operating fell. He sued four defendants, the two petitioners who are elevator maintenance companies who at some time worked on the repair and maintenance of the elevator, Atwell, Vogel and Sterling, Inc., who was to inspect the elevator and Pat Keane the individual inspector, both the latter because they did not report the defect that caused the accident. All four defendants answered denying negligence. The verdict was for the plaintiff as to Atwell, Vogel and Sterling, Inc., and Pat Keane, and for the defendants elevator companies. Judgment was entered accordingly. The two losing defendants moved to vacate the verdict and grant a new trial on all the legal grounds, and plaintiff moved to set aside the part of the verdict rendered against him and grant a new trial on the ground of insufficiency of the evidence and errors of law. The court granted the motion for new trial by Atwell, Vogel and Sterling, Inc., and Pat M. Keane on the ground of excessive damages, insufficiency of the evidence and errors of law excepted to by said defendants. The court denied the plaintiff's motion for a new trial as to the two elevator companies.

At the beginning of the second trial plaintiff moved for a default judgment against the two elevator companies because they declined to defend on the ground that as to them a final adjudication had been reached at the first trial. The court denied the motion and declared that the trial would proceed as to the other two defendants only. At the end of the trial the court directed a verdict for said two defendants and verdict and judgment were entered as to said two defendants only. Plaintiff appealed from said judgment and "from the order of said court denying plaintiff's motion for entry of default against defendants Independent Elevator Co. and B. C. Van Emon Elevators, Inc." Said two elevator companies moved to dismiss the appeal from the order denying plaintiff's motion on the ground that it was not appealable. It was dismissed on the May calendar on that ground. (See 3 Cal.Jur.2d 513; *Brown* v. *Sterling Furniture Co.,* 175 Cal. 563 [166 P. 322], and *Broadribb* v. *Tibbetts,* 60 Cal. 412.) At the request of plaintiff's attorney the order of dis-

missal was set aside for the purpose of hearing further argument.

Plaintiff appellant urges that in this case the order was appealable as a final determination with respect to these two defendants. He cites two cases to the effect that orders of dismissal or nonsuit are so appealable. However, no dismissal or nonsuit as to plaintiff's action against these two defendants was entered or proposed by defendants. Plaintiff's motion was evidently not well taken. ▮ "Section 585 of the Code of Civil Procedure does not authorize the entry of any default in cases where an answer is on file, whether the defendant does or does not appear at the time the action is called for hearing" (*Warden* v. *Lamb*, 98 Cal. App. 738, 741 [277 P. 867] ; 2 Witkin, California Procedure, 1691). Here all defendants had filed answers. ▮ The granting of a new trial did not change the pleadings prior to the first trial, it returns the action to the exact state in which it was before the trial. (*Bloomquist* v. *Haley*, 204 Cal. 258, 261 [268 P. 364] ; *Mitchell* v. *Rasey*, 139 Cal.App. 350, 353 [33 P.2d 1056] ; 3 Witkin, California Procedure, 2095.) ▮ The fact that plaintiff moved for a default in a situation where the court clearly had no power to grant it cannot be a reason to hold appealable an order otherwise not appealable.

The crux of the matter is that plaintiff took the position that the order granting a new trial on the motion of the two losing defendants, which was directed against the verdict without any limitation, set aside the whole judgment also as to the two elevator companies, whereas these companies take the position that because of the denial of the plaintiff's motion this part of the judgment remained intact. There can be no doubt that the latter was the intention of the court. Whether the orders made were effective to reach that result need not be decided on this motion for dismissal of an appeal from a certainly nonappealable and correct order.

Motion to dismiss appeal granted.

Dooling, J., and Kaufman, J., concurred.