[Civ. No. 9184.   Fourth Dist., Div. One.   July 2, 1969.]

WOODROW A. WILSON et al., Plaintiffs and Appellants, v. ALLEN GOLDMAN, Defendant and Respondent.

McCray & McCray, Walter McGonigle and W. Patrick McCray for Plaintiffs and Appellants.

William C. Powers for Defendant and Respondent.

AULT, J. pro tem.*—Plaintiffs Woodrow A. Wilson and Mary Jane Wilson appeal from an order setting aside an entry of default and a default judgment against the defendant, Allen Goldman, for $40 000 ($20,000 for each plaintiff), in a personal injury action. The motion to set aside the default was made pursuant to Code of Civil Procedure section 473, and was principally based upon an affidavit filed by defendant's counsel in which he alleged he had been unable to appear at the trial because he was ill and hospitalized on the trial date and had undergone major surgery only three days before. The motion, however, was also by its terms based upon "all papers. records and documents on file. . . ."

The issue as presented by the briefs on appeal is the sufficiency of the affidavits to justify the court in setting aside the entry of default and the default judgment. Since the papers, records and documents on file, referred to in the motion and now in the record before us on appeal, conclusively demonstrate both the entry of the default and default judgment are void and in excess of the court's power and jurisdiction we are not disposed to examine into the sufficiency of the affidavit or to yield to appellants' urging that we reverse the trial court's order vacating and setting them aside.

These records reflect the defendant duly filed an answer to the complaint placing in issue both liability and the damages claimed. After several continuances, the case was finally set for trial on May 22, 1967. Defendant's counsel was properly served with notice of trial. On that date, the case was called and plaintiffs' attorney appeared with his clients ready for trial. Neither the defendant nor the attorney for defendant appeared. Plaintiffs' attorney left the courtroom and attempted to reach defendant's attorney by telephone. He was unable to do so or to obtain any satisfactory explanation for his failure to appear for trial.

When plaintiffs' attorney returned to the courtroom, he advised the court of his telephone conversations and moved the court to enter the defendant's default. The motion was granted. The minute order dated May 22, 1967, reads:

"This case came on regularly for trial. Plaintiff represented

---

*Assigned by the Chairman of the Judicial Council.

by Patrick McCray. No appearance by defendant. Defendant's default entered for failure to appear for trial.''

When asked by the court whether he wished "to prove up damages," plaintiffs' attorney advised the court "he would wait to prove up damages at some future date." No evidence was taken, no trial was held and no continuance was granted. The case obviously was removed from the trial calendar.

Counsel for the plaintiffs waited until September 1, 1967, before he took steps to bring the matter on for hearing. He filed a document entitled "Memorandum for Setting for Hearing (uncontested matter)" in which he described the nature of the hearing with the words "Prove up Damages." On that date the clerk set the hearing for October 16. No copy of the Memorandum for Hearing was served on the defendant or his attorney, nor was any notice of the hearing set for and held on October 16 given to either of them. That hearing, held in the absence of the defendant and his attorney, resulted in the $40,000 default judgment against the defendant. The judgment was signed by the court on October 18, 1967, and entered by the clerk the following day.

Neither the statutes nor the case law of this state permit the entry of a default or the taking of a default judgment under these circumstances. ". . . a judgment of default can never be given unless the defendant fails to answer." (2 Witkin, Cal. Procedure (1954) 1691.)

■ Section 585 of the Code of Civil Procedure does not authorize the entry of any default in cases where an answer is on file, *whether the defendant does or does not appear at the time the action is called for hearing.* (*Warden* v. *Lamb*, 98 Cal.App. 738, 741 [277 P. 867]; Code Civ. Proc., § 585; *Barbaria* v. *Independent Elevator Co.*, 133 Cal.App.2d 657, 659 [285 P.2d 91].) ■ Where the defendant who has answered fails to appear for trial "the plaintiff's sole remedy is to move the court to proceed with the trial and introduce whatever testimony there may be to sustain the plaintiff's cause of action." (*Warden* v. *Lamb, supra*, p. 741.) In such case a plaintiff is entitled to proceed under the provisions of Code of Civil Procedure, section 594, subdivision 1, and he may do so in the absence of the defendant provided the defendant has been given at least five days notice of the trial. Section 594 does not authorize the entry of the default in the event the defendant fails to appear, and a hearing held pursuant to that section under such circumstances is uncontested as distinguished from a default hearing. (See *Ahmanson Bank*

& *Trust Co.* v. *Tepper,* 269 Cal.App.2d 333, 340 [74 Cal. Rptr. 774]; Code Civ. Proc., §§ 485, 494; *Warden* v. *Lamb, supra,* 98 Cal.App. 738, 741.) [1]

Where a defendant has filed an answer, neither the clerk nor the court has the power to enter a default based upon the defendant's failure to appear at trial, and a default entered after the answer has been filed is void (*Warden* v. *Lamb, supra,* p. 741; *Barbaria* v. *Independent Elevator Co., supra,* 133 Cal.App.2d 657, 659; *Miller* v. *Cortese,* 110 Cal. App.2d 101, 104-105 [242 P.2d 84]), and is subject to expungment at any time either by motion made pursuant to Code of Civil Procedure, section 473 or by virtue of the court's inherent power to vacate a judgment or order void on its face. (*Potts* v. *Whitson,* 52 Cal.App.2d 199 [125 P.2d 947]; *Reher* v. *Reed,* 166 Cal. 525, 528 [137 P. 263, Ann.Cas. 1915C 737]; *Baird* v. *Smith,* 216 Cal. 408, 409-411 [14 P.2d 749].) Here the plaintiffs did not proceed to trial on the date set and for which notice of trial had been served. Instead they obtained an entry of defendant's default beyond the power and authority of the court to grant. Such a void "entry of default" cannot excuse compliance with Code of Civil Procedure, section 594, subdivision 1. Defendant's answer placed in issue factual questions concerning liability and damages. When the trial of those matters actually took place at plaintiffs' instance on October 16, 1967, some five months after the trial date, defendant was not in default and was entitled to notice of the hearing as provided in the code section. No such notice was given. A judgment made after a trial held without the notice prescribed by Code of Civil Procedure, section 594, subdivision 1 is not merely error; it is an act in excess of the court's jurisdiction. (*Perini* v. *Perini,* 225 Cal.App.2d 399 [37 Cal.Rptr. 354].)

In summary, the judgment shows on its face it was taken by default. It shows on the face of the record defendant's default was improperly entered when he had a valid answer on file, and is void. The trial resulting in the judgment was not held on May 22, 1967, but on October 16, 1967.

---

[1]The idea all that remains to be done in this situation is for the plaintiffs "to prove up damages" is also erroneous. As indicated in the text, where a defendant who has answered fails to appear for trial, the correct procedure is to proceed with the trial for which the defendant has had notice to which he has failed to respond. The trial is uncontested only in the sense the defendant is not present to participate. His answer is on file and is effective. Thus the plaintiff is required to prove all the essential allegations of the complaint controverted by the answer.

Because of the invalid entry of his default, defendant received no notice of the trial which resulted in the judgment as required by Code of Civil Procedure, section 594, subdivision 1. ■ Such a judgment is not only subject to attack under Code of Civil Procedure, section 473, but is subject to collateral attack at any time. (*Perini* v. *Perini, supra,* 225 Cal.App. 2d 399, 408.)

■ Defendant's motion to set aside the entry of default and the default judgment was based not only on the affidavit of his attorney, but on the papers, records and documents in the file. The latter were properly before the court at the hearing and compel the affirmance of the trial court's order vacating and setting aside the default and the default judgment irrespective of whether the affidavit of defendant's attorney is sufficient to support the order on other grounds. (See *Savage* v. *Smith,* 170 Cal. 472, 473-474 [150 P. 353]; *Wood* v. *Johnston,* 8 Cal.App. 258, 261 [96 P. 508].)

The order is affirmed.

Coughlin, Acting P. J., and Whelan, J., concurred.