Filed 1/23/15  E & E Mortgage Bankers Corp. v. Topuzoglu CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| E & E MORTGAGE BANKERS CORPORATION,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANNA TOPUZOGLU,<br><br>Defendant and Appellant. | B251851<br><br>(Los Angeles County<br>Super. Ct. No. SC106851) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard A. Stone, Judge.  Affirmed.

Anna Topuzoglu, in pro. per., for Defendant and Appellant.

Kaplan, Kenegos & Kadin, Jerry Kaplan and David Scott Kadin, for Plaintiff and Respondent.

Defendant and appellant Anna Topuzoglu appeals the entry of judgment against her.  We affirm.

## BACKGROUND

The record in this case consists solely of a six-page summary docket report from the trial court.  Our understanding and discussion of the proceedings below are limited accordingly.

Plaintiff and respondent E & E Mortgage Bankers Corp. (E & E) filed a breach of contract complaint against Topuzoglu and three other non-appealing defendants on February 18, 2010.  Topuzoglu appeared in pro. per. and timely filed a demurrer.  After her demurrer was overruled on June 9, 2010, Topuzoglu answered the complaint on June 21, 2010.

The case went to mediation in November 2010, and proceeded to a mandatory settlement conference in February 2011.  Its progress stalled in March 2011 when Topuzoglu filed for bankruptcy; the automatic stay (11 U.S.C. § 362) remained in place until September 2011, when the bankruptcy proceeding was dismissed.  The superior court held a status conference "RE: Proof of Dismissal of[]Bankrutcy" at "08:32 a.m." on October 19, 2011.  The parties made a second unsuccessful attempt at mediation in February 2012, and the court held a final status conference on August 10, 2012.  The proceedings were stayed again around that same time due to another defendant's bankruptcy filing.

After the second bankruptcy stay was lifted, the court held a trial setting conference "(And Status Conference Re:Settlement)" on March 12, 2013.  Topuzoglu failed to appear at that conference.  The court issued an order to show cause for failure to appear "(RE: SANCTION OR STRIKING ANSWER[]FOR DEFENDANT ANNA TOPUZOGLU'S[]FAILURE TO APPEAR ON 3-12-13[].  TRIAL SETTING CONFERENCE.)"  The order to show cause was discharged on March 21, 2013.

2

After another status conference on April 10, 2013, the court set the matter for trial on September 9, 2013. Notice of the final status conference set for August 30, 2013, and the trial set for 9:30 a.m. on September 9, 2013, was filed by E & E on April 16, 2013.

The case was reassigned from Department WEB to Department WEM on April 19, 2013. The clerk filed notice of the reassignment that same day, and E & E filed notice of the reassignment on April 29, 2013. Nothing in the summary docket report indicates that the reassignment was accompanied by changes to the previously scheduled status conference and trial dates or times.

There is no suggestion that Topuzoglu did not receive notice of the trial date or time; Topuzoglu claims that she arrived in Department WEM early, at 9:05 a.m., on the day of trial. She further claims that "the clerk of the court stated that the they [*sic*] had already called the calendar and defendant/appellant was not present and that the court entered a judgment against Appellant/Defendant." According to Topuzoglu, "[t]he clerk of the court went to honorable Richard A. Stone's chamber to notify the judge that Appellant/Defendant was present for jury trial, however, clerk of the court returned from judge's chamber and stated that the judge, Richard A. Stone stated that Appellant/Defendant can file a motion or appeal if they wish to do so." The summary docket report reflects that the court held a jury trial "at 09:30 am" on September 9, 2013, and that the court entered "Default Judgment after Prove-up." The court also may have stricken Topuzoglu's answer at that time. E & E asserts that the court "struck defendant's answer," and the summary docket report includes an entry stating, "**06/21/2010** Answer to Complaint Filed (9-19-13 ANSWER STRICKEN)," but it is unclear from the scant record whether the answer referred to was Topuzoglu's and whether it was stricken, if at all, before or after the proceedings on September 9, 2013.

Topuzoglu timely filed a notice of appeal from the judgment on September 26, 2013. She checked the box indicating that she was appealing from entry of a default judgment but did not include a copy of the judgment for our review. She contends only that the court abused its discretion by entering "a judgment" against her.

3

**DISCUSSION**

We begin our analysis on appeal with the presumption that the trial court's entry of judgment against Topuzoglu was correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 976.) To overcome this presumption, Topuzoglu must affirmatively demonstrate that the trial court committed reversible error. (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 565; *Gonzalez v. Rebollo*, *supra*, 226 Cal.App.4th at p. 976.) She must "present argument and authority on each point made," (*County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591; Cal. Rules of Court, rule 8.204(a)(1)(B)), and cite to pertinent evidence or other matters in the record that demonstrate reversible error (Cal. Rules of Court, rule 8.204(a)(1)(C); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115). Topuzoglu is not excused from these obligations by virtue of her in pro. per. status. "[T]he rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation," (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-85); litigants proceeding without counsel are "entitled to the same, but not greater, consideration than other litigants and attorneys." (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1056 [quotation omitted]).

The summary docket report submitted by Topuzoglu does not support her claim that she appeared 25 minutes early for trial to find it already completed. The entries pertaining to the September 9, 2013, proceedings state in their entirety: "**09/09/2013** at 09:30am in Department WEM, Richard A. Stone, Presiding [¶] Jury Trial – **Judgment**" and "**Status:** Default Judgment after Prove-up 09/09/2013." Neither of these entries suggests or demonstrates that the trial court called the case at any time other than the scheduled one. To the contrary, they suggest that the court called the case "at 09:30 am" and then commenced proceedings. There is no basis from which to conclude that the court erroneously documented the time the proceedings began.

However, there is some ambiguity in the record as to what those proceedings consisted of. The "Proceedings Held" portion of the docket summary states "**09/09/2013**

4

at 09:30am in Department WEM, Richard A. Stone, Presiding  [¶]  Jury Trial –
**Judgment**," which suggests that judgment was entered after a jury trial occurred.  The
"Status" portion of the summary docket, on the other hand, states "Default Judgment
after Prove-up -09/09/2013," which suggests that a *default* judgment was entered after a
prove-up hearing.  Although the distinction is a fine one, it is not one without a
difference.  As the Fourth District Court of Appeal explained in *Heidary v. Yadollahi*
(2002) 99 Cal.App.4th 857, 863 [quoting *Wilson v. Goldman* (1969) 274 Cal.App.2d 573,
576-577], "'Section 585 of the Code of Civil Procedure does not authorize the entry of
any default in cases where an answer is on file, *whether the defendant does or does not
appear at the time the action is called for hearing*.  [Citations.]  Where the defendant who
has answered fails to appear for trial "the plaintiff's sole remedy is to move the court to
proceed with the trial and introduce whatever testimony there may be to sustain the
plaintiff's cause of action."  [Citation.]  In such case a plaintiff is entitled to proceed
under the provisions of Code of Civil Procedure, section 594, subdivision 1, and he may
do so in the absence of the defendant provided the defendant has been given at least five
days notice of the trial.  Section 594 does not authorize the entry of the default in the
event the defendant fails to appear, and a hearing held pursuant to that section under such
circumstances is uncontested as distinguished from a default hearing.  [Citations.]  Where
a defendant has filed an answer, neither the clerk nor the court has the power to enter a
default based upon the defendant's failure to appear at trial, and a default entered after the
answer has been filed is void [citations], and is subject to expungement at any time either
by motion made pursuant to Code of Civil Procedure, section 473 or by virtue of the
court's inherent power to vacate a judgment or order void on its face.'"

Thus, if Topuzoglu's answer remained operative, an entry of default judgment
against her would be facially void.  But if Topuzoglu's answer was stricken and default
was entered, or if her answer remained operative and the trial court entered judgment
after holding an uncontested trial its judgment would be facially valid.  We cannot
determine which of these possible scenarios played out from the  ambiguous and

5

internally contradictory summary docket report before us. The briefs provide little additional clarity. Topuzoglu characterizes the judgment simply as "a judgment,"[1] while E & E states that the court "conducted a default prove-up with testimony, the result of which was a judgment in favor of Plaintiff, E&E Mortgage Bankers Corp against defendant/appellant ANNA TOPUZOGLU in the total amount of $526,172.00," and refers to the judgment alternately as "a judgment" and "a default judgment." E & E also avers that it "was still required to prove up its case," not merely its damages.

As E & E repeatedly points out Topuzoglu bears the burden of demonstrating that the trial court's actions constituted reversible error. (*Denham v. Superior Court*, *supra*, 2 Cal.3d 557 at pp. 564-565.) She has not done so here. We accordingly are constrained to presume correct and affirm the trial court's entry of judgment in favor of E & E.

## DISPOSITION

The judgment of the trial court is affirmed. E & E is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.

---

[1] Topuzoglu also suggests that the entry of judgment against her was akin to a case-terminating sanction that constituted an abuse of the trial court's discretion. We do not have enough information before us to determine whether this is an apt analogy.