Filed 11/23/20  WVJP 2017-1 v. Barnes CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| WVJP 2017-1, L.P., <br><br> Cross-complainant as Assignee and Appellant, <br><br> v. <br><br> BRADLEY BARNES, et al., <br><br> Cross-defendants and Respondents. | B292859 <br><br> (Los Angeles County Super. Ct. No. BC411601) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Edward B. Moreton, Judge.  Affirmed in part and reversed in part with directions.

Verus Law Group, Holly Walker and Mark N. Strom, Cross-complainant as Assignee and Appellant.

De Castro, West, Chodorow, Mendler & Glickfeld, Mark L. Share, for Cross-defendants and Respondents.

_____

In 2013, Dove Street Capital Lenders obtained a default judgment against Bradley and Allison Barnes. Five years later, the Barneses moved to vacate the default pursuant to subdivision (d) of Code of Civil Procedure section 473, which authorizes the court to vacate a void judgment at any time.[1] The trial court found the judgment to be void because it was entered even though the Barneses had answered the cross-complaint.

We conclude the motion to vacate the default was untimely as to Bradley Barnes. A void judgment is one entered when the court has no jurisdiction over an action. When the court does have jurisdiction, a judgment entered in *excess* of that jurisdiction is merely voidable, not void. Here, the judgment was merely voidable as to Bradley Barnes because the court had jurisdiction over him. Section 473 requires that a motion to vacate a voidable judgment be brought within six months, which Mr. Barnes failed to do.

As to Allison Barnes, the court had no jurisdiction to enter judgment against her because she was named in no cause of action upon which judgment was ultimately granted. The judgment against her was therefore void, and subject to collateral attack at any time.

Accordingly, we reverse as to Bradley Barnes, affirm as to Allison Barnes, and remand the matter for further proceedings.

## BACKGROUND

On July 16, 2010, Dove Street Capital Lenders, LLC (Dove Street) filed a cross-complaint against the Barneses and several others to invalidate the conveyance via an allegedly forged deed

---

[1] Undesignated statutory references will be to the Code of Civil Procedure.

of property at 1138 Louise Street, in Glendale, and to invalidate a purchase money deed of trust in the amount of $1,371,000. The heading of each of the 10 causes of action designated the cross-defendants against whom it was asserted. Although Allison Barnes was alleged in the body of the cross-complaint to be the alter ego of other cross-defendants, the only causes of action designating her as its target were the sixth, for unjust enrichment, and ninth, for "notarial negligence." And as appellant's counsel aptly acknowledged during oral argument, no facts were alleged supporting the alter ego allegations.

The Barneses answered the cross-complaint, after which Dove Street amended it twice, although with no substantive changes concerning the Barneses. The Barneses filed no further answer.

On March 26, 2013, the trial court entered default against the Barneses on Dove Street's second amended cross-complaint even though they had answered the original complaint.

On August 30, 2013, Dove Street filed a case summary in support of the judgment and a request for attorney fees and costs, detailing the evidence supporting its claims.

On August 30, 2013, the court entered a default judgment against Bradley Barnes in two separate sums of $3,999,046.94 and $2,102,150.96, and against Allison Barnes in the amount of $2,102,150.96. The judgment was entered on the second cause of action, for breach of guaranty, the seventh, for fraud, and the tenth, for express indemnity, none of which was designated as having been asserted against Allison Barnes.

In 2017, Dove Street assigned its interest in the judgment to WVJP 2017-1, L.P. (WVJP).

On August 1, 2018, almost five years after entry of judgment, the Barneses moved to vacate the default and default judgment pursuant to subdivision (d) of section 473 on the grounds that the default and default judgment were void as a matter of law because the Barneses had answered the original cross-complaint, and because no cause of action had been asserted against Allison Barnes, and no damages had been stated against her in the prayer.

WVJP opposed the motion, and later filed a sur-opposition that the court disregarded as untimely.

After a hearing, the court found the judgment was void because the Barneses had answered the cross-complaint. It therefore ordered the default and default judgment vacated.

WVJP appeals.

## DISCUSSION

WVJP argues the Barneses' motion to vacate the default judgment was untimely because the judgment was not void but merely voidable. We agree as to Bradley Barnes, but disagree as to Allison Barnes.

"Judgment may be had[] if the defendant fails to answer the complaint." (§ 585.) Conversely, default judgment may not be had where the defendant answers the complaint.

Subdivision (b) of section 473 authorizes the court to allow relief from a default judgment on a showing of "mistake, inadvertence, surprise, or neglect," but a motion for such relief must be made within six months of entry of the judgment.

A judgment debtor who fails to bring a motion to vacate a default judgment within six months may still obtain relief pursuant to subdivision (d) of section 473, which authorizes the court to vacate a void judgment at any time. (§ 473, subd. (d)

4

["The court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order"].)  There is no time limit for such relief.

Finally, a trial court retains discretion to vacate a default on equitable grounds even if statutory relief is unavailable. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.)  "One ground for equitable relief is extrinsic mistake—a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits."  (*Ibid*.)  "But for a party to qualify for such equitable relief on this basis, courts have developed a three-part test:  first, the defaulted party must demonstrate it has a meritorious case; second, it must articulate a satisfactory excuse for not presenting a defense to the original action; and third, the moving party must demonstrate diligence in seeking to set aside the default once it was discovered."  (*Lee v. An* (2008) 168 Cal.App.4th 558, 566.)

"The law strongly favors trial and disposition on the merits. Therefore, any doubts in applying section 473 must be resolved in favor of the party seeking relief.  When the moving party promptly seeks relief and there is no prejudice to the opposing party, very slight evidence is required to justify relief.  We will more carefully scrutinize an order denying relief than one which permits a trial on the merits."  (*Mink v. Superior Court* (1992) 2 Cal.App.4th 1338, 1343.)

It is undisputed the Barneses sought relief under section 473 much later than six months after the judgment.  "Although the trial court has discretion to vacate the entry of a default or subsequent judgment, this discretion may be exercised only after the party seeking relief has shown that there is a proper ground for relief, and that the party has raised that ground in a

procedurally proper manner, within any time limits." (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495.) After six months have elapsed, "a trial court may grant a motion to set aside that judgment as void only if the judgment is void on its face." (*Id.* at p. 496; see also *Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 146.)

Therefore, the issue here is whether the judgment was void.

We review a trial court's determination that a judgment is void de novo. (*Cruz v. Fagor America, Inc.*, *supra,* 146 Cal.App.4th at 496.)

"A court can lack fundamental authority over the subject matter, question presented, or party, making its judgment void, or it can merely act in excess of its jurisdiction or defined power, rendering the judgment voidable." (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56.)

Lack of fundamental jurisdiction means "an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660.) In contrast, a court acts in *excess* of its jurisdiction "when a statute authorizes [a] prescribed procedure, and the court acts contrary to the authority thus conferred[.]" (*Id.* at p. 661.) "When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable." (*Ibid.*; see also *In re Marriage of Goddard*, *supra*, 33 Cal.4th at p. 56; *Johnson v. E-Z Ins. Brokerage, Inc.* (2009) 175 Cal.App.4th 86, 98 [a judgment is "void if the court lacked jurisdiction over the subject matter or parties, for example, if the defendant was not validly served with summons.

[Citation]. In contrast, a judgment is valid but voidable if it is the result of the court's failure to follow proper procedure"].)

## A. The Judgment Against Allison Barnes is Void

The Barneses argue the judgment is void as against Allison Barnes because she was not named as a party to any cause of action on which judgment was entered. We agree.

Due process requires that a complaint apprise the defendant of the nature of the plaintiff's demand against her. (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1015; see Cal. Rules of Court, rule 2.112 ["Each separately stated cause of action . . . must specifically state: [¶] . . . [¶] . . . The party or parties to whom it is directed (e.g., 'against defendant Smith')"].) Failure to do so renders the complaint void. Here, the cross-complaint named Allison Barnes only in two causes of action, neither of which prevailed. She was not named in the cause of action under which judgment was entered against her. Therefore, that judgment is void.

WVJP argues that Allison Barnes was discussed at length in the body of the complaint, and was alleged to have been the altar ego of defendants against whom judgment was entered; therefore, she had notice of the claims against her. We disagree. Although a defendant may be alleged to have committed wrongdoing, the complaint must specify that the plaintiff seeks redress for that wrongdoing. By naming Allison Barnes to some causes of action but not others, the complaint informed her it specifically sought no relief against her on the claims for which she was not named.

7

## B. The Judgment Against Bradley Barnes was at Most Voidable

Bradley answered Dove Street's cross-complaint, and he had notice of the causes of action directed at him that ultimately prevailed. Therefore, the trial court had jurisdiction over the action and him.

Section 585 authorizes entry of judgment when a "defendant fails to answer the complaint." Such entry of judgment is accomplished in some circumstances by the clerk of the court (§ 585, subd. (a)), and in others by the court itself (*id.* at subd. (b)).

Here, the trial court entered a default judgment even though the Barneses had materially answered the cross-complaint, which may have constituted a mistaken application of section 585. (See *Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 811 [an original answer is effective to deny the original allegations repeated in an amended complaint].) But the mistake did not implicate the power of the court over the parties or subject matter.

The judgment was therefore merely voidable, not void. (See *In re Marriage of Goddard*, *supra*, 33 Cal.4th at p. 56; see *Wells Fargo & Co. v. City and County of San Francisco* (1944) 25 Cal.2d 37, 40 ["A mere erroneous decision . . . does not make the judgment void, if the court had jurisdiction of the subject matter and of the person of the defendant"]; *Lee v. An*, *supra*, 168 Cal.App.4th at pp. 565-566 [same].)

*Gray v. Hall* (1928) 203 Cal. 306 is instructive. There, a defendant answered a complaint that was later amended, and the defendant elected not to answer the amended complaint. After default was taken and default judgment entered, the

8

defendant sought to vacate the judgment by mandamus. In holding the challenge to be improper, the Court stated: "[W]hen a complaint is amended after answer, the defendant is not bound to answer *de novo*. He may do so if he chooses; but, if he does not elect to do so, his original answer stands as his answer to the amended complaint; and in such case he will not be in default except as to the additional facts set up in the amended complaint, and not put in issue by the answer. . . ." (*Id.* at p. 313.) Should the trial court erroneously enter default against a defendant who has answered, the judgment thereafter entered "is not void on its face," because "there can be no doubt that it was within the jurisdiction of the superior court to" enter the judgment. (*Ibid.*) "The judgment rendered there is in full force and effect, for it was not appealed and has not been vacated or set aside. The decision of the court was final and cannot be reviewed on appeal, for there is now no appeal." (*Ibid.*) "Jurisdiction in cases of this character implies the power of the court to decide a question wrongly as well as rightly. It was not necessary for us to determine in this proceeding whether the ruling of the court in the original action was correct or not. This being a collateral attack upon the judgment, we need have gone no further than to determine whether it was void or not." (*Id.* at pp. 313-314.)

Here, subdivision (d) of section 473 afforded the Barneses no relief with respect to a merely voidable judgment. "A litigant may collaterally attack a final judgment for lack of personal or subject matter jurisdiction, or for granting relief that the court had no power to grant, but may not collaterally attack a final judgment for nonjurisdictional errors." (*Estate of Buck* (1994) 29 Cal.App.4th 1846, 1854; see also *People v.*

9

*$6,500 U.S. Currency* (1989) 215 Cal.App.3d 1542, 1548 [" 'If a judgment, no matter how erroneous, is within the jurisdiction of the court, it can only be reviewed and corrected by one of the established methods of direct attack' "].)

Relying on *Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857 (*Heidary*), the Barneses argue that a default judgment entered by a judge after an answer has been filed is void on its face. We disagree.

In *Heidary*, the cross-defendants answered the cross-complaint but failed to appear for trial because a notice of continuance of the trial had not been served on them. "[T]he trial court (apparently without checking to see if appellants had been given notice) ordered [the appellants'] answers to the cross-complaint be stricken and their defaults entered 'for their failure to appear at trial this date.' " (*Heidary*, *supra*, 99 Cal.App.4th at p. 860.) The appellate court reversed the resulting default judgment, holding that "[w]here a defendant has filed an answer, neither the clerk nor the court has the power to enter a default based upon the defendant's failure to appear at trial, and a default entered after the answer has been filed is void." (*Id*. at p. 863.)

*Heidary* cited three cases supporting its holding: *Warden v. Lamb* (1929) 98 Cal.App. 738, 741; *Miller v. Cortese* (1952) 110 Cal.App.2d 101, 104-105; and *Barbaria v. Independent Elevator Co.* (1955) 133 Cal.App.2d 657, 658, but none of them held that where a defendant has filed an answer, a default judgment entered by a judge is void. *Warden v. Lamb* and *Barbaria v. Independent Elevator Co.* held simply that "a court has no authority to enter the default of a defendant if, when it was entered, he has a pleading on file." (*Warden*, at pp. 743-

10

744; *Barbaria*, at p. 658.) *Miller v. Cortese* held that where the clerk of the court exceeds the power conferred upon him by statute to enter a default judgment, "the clerk's action is a nullity and open to attack at any time." (*Miller*, at p. 105.)

Although *Heidary* did state that "[w]here a defendant has filed an answer, neither the clerk nor the court has the power to enter a default based upon the defendant's failure to appear at trial, and a default entered after the answer has been filed is void," it did not do so in a context of distinguishing between a void and voidable judgment. (*Heidary*, *supra*, 99 Cal.App.4th at p. 863.) We therefore read *Heidary*'s use of the word "void" in its generic sense meaning improper. (See *Lee v. An*, *supra*, 168 Cal.App.4th at p. 566 [holding that a prior court's use of the term "void" outside the context of distinguishing void from voidable orders does not control "for the purpose of deciding whether relief could be sought after the six-month period in section 473, subdivision (b)"].)

The Barneses cite several cases for the proposition that a default judgment erroneously entered by a court clerk is void, and subject to collateral attack at any time. We do not disagree. But the judgment here was entered by the court, not the clerk of the court.

"There is a marked difference between a default judgment entered by the court under subdivision [b] of section 585, *supra*, and one entered by the clerk under the first subdivision of the section." (*Baird v. Smith* (1932) 216 Cal. 408, 412.) When a judgment is "entered by the court and not by the clerk," the court has "jurisdiction of the parties and of the subject matter of the litigation," and "any impropriety in the *court's* entry of judgment constitute[s], at most, but an

11

erroneous exercise of jurisdiction.  In such a case there is not an absence of jurisdiction, only an irregular or erroneous exercise of it.  [Citation.]  A judgment entered by a court under such circumstances is therefore merely voidable, and not void, and can only be attacked by appeal or motion made within six months thereafter.  However, where a clerk purports to enter a default and judgment prematurely, or otherwise exceeds the limited power conferred upon him by the statute, there is an entire absence of jurisdiction and his action, as already shown, is a nullity and open to attack at any time." (*Id.* at p. 412.)

## C.  Amount of the Judgment

The Barneses argue the judgment roll in this case reveals that the judgment is void because it includes "special damages of $430,884.90 and interest at the rate of 25%" that were not alleged in the cross-complaint.

We reject the argument because the Barneses failed to make it below.  " 'It is a firmly entrenched principle of appellate practice that litigants must adhere to the theory on which a case was tried.' " (*Colony Ins. Co. v. Crusader Ins. Co.* (2010) 188 Cal.App.4th 743, 751; see also *In re Marriage of King* (2000) 80 Cal.App.4th 92, 110-111 [an appellant cannot pursue a new theory for vacating judgment on appeal not raised in the trial court].)  Although we may in the exercise of our discretion consider a new theory on appeal when it is purely a matter of applying the law to undisputed facts, it is unclear on this record whether the judgment exceeds the prayer, especially given that we will affirm vacating the judgment against Allison Barnes.

Nevertheless, the matter must be remanded to the trial court for two considerations.  First, because the court

12

determined only that the default judgment was void because an answer had been filed, it is not clear whether or to what extent the court considered vacating the judgment on equitable grounds, or what the result of such an inquiry should be.

Second, given that we affirm the court's order vacating the judgment against Allison Barnes, remand is necessary to excise from the monetary award any sums attributable to that judgment, preserving that portion which was not void. (See *Wilkinson v. Wilkinson* (1970) 12 Cal.App.3d 1164, 1168.)

## DISPOSITION

The judgment is affirmed in part and reversed in part, and remanded for further proceedings. Each side to bear its own costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

FEDERMAN, J.[*]

---

[*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.