Filed 2/20/25  Nguyen v. Hulsey CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JAKE NGUYEN et al., | |
| Cross-complainants and Respondents, | G063796 |
| v. | (Super. Ct. No. 30-2020-01158508) |
| RICKIE HULSEY, | ORDER MODIFYING OPINION AND DENYING REHEARING; NO CHANGE IN JUDGMENT |
| Cross-defendant and Appellant. | |

It is hereby ordered that the opinion filed herein on February 3, 2025, is MODIFIED as follows:

On page 7, last full paragraph, last line: Delete "(Rule 8.821(a)(2).)" and replace with "(Rule 8.100(a)(2).)."

This modification does not change the judgment. The petition for rehearing is DENIED.


DELANEY, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JAKE NGUYEN et al., | |
| Cross-complainants and Respondents, | G063796 |
| v. | (Super. Ct. No. 30-2020-01158508) |
| RICKIE HULSEY, | O P I N I O N |
| Cross-defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Shawn Nelson, Judge. Dismissed. Motion to augment. Denied.

Rickie Hulsey, in pro. per., for Cross-defendant and Appellant.

No appearance for Cross-complainants and Respondents.

Rickie Hulsey appeals from an order denying a motion to vacate a default judgment against her, pursuant to Code of Civil Procedure section 473.[1] In denying the motion, the trial court found that Hulsey had filed previous motions to vacate that raised the same grounds as the current motion, and it construed the current motion as an improper motion for reconsideration under section 1008. Because we agree with the court that Hulsey's motion was made under section 1008, we conclude that we lack jurisdiction to consider an appeal from the order denying the motion. Accordingly, we dismiss the appeal for lack of appellate jurisdiction.

FACTS

We recite facts necessary to resolve the issues on appeal that are supported by either the record on appeal or "facts" stated in Hulsey's opening brief. (See *Osborn v. Mission Ready Mix* (1990) 224 Cal.App.3d 104, 108 [taking facts verbatim from opening brief, where respondent failed to contradict facts or provide its own statement of facts].) To provide context only, we also recite "facts" stated in trial documents filed by Hulsey that were included in the record on appeal.

In September 2020, Hulsey filed a complaint against her next-door neighbor Jake Nguyen, alleging, among other things, that he caused a public nuisance by installing a noisy air conditioning unit on his property. Nguyen filed an answer to the complaint, and he and his spouse, Khanh Tran, filed a cross-complaint against Hulsey and her roommate, Steve Pytlik.

Between October 2020 and February 2022, Hulsey filed several documents in the action, including a document titled "Plaintiff's Reply to

---

[1] All further statutory references are to Code of Civil Procedure section unless otherwise stated.

Defendant's Answer," a "motion to deny/strike" the cross-complaint, a motion to dismiss the cross-complaint, and a demurrer to the cross-complaint.

On May 16, 2022, Hulsey filed a motion to continue trial, which was scheduled for May 31, for "medical reasons." The next day she filed an ex parte application to continue trial. Both were denied.

On May 31, the first day of trial, Nguyen and Tran appeared for trial but Hulsey did not. The trial court dismissed Hulsey's complaint without prejudice, finding Hulsey "had notice of the trial date, failed to file trial documents, and failed to appear for trial." The court continued trial on the cross-complaint to the next day, to allow Nguyen and Tran to file trial documents in support of their cross-complaint.

Hulsey didn't appear the next day either, so the trial court entered Hulsey's default on the cross-complaint. A default prove-up hearing was scheduled for June 30.

On June 10, Hulsey moved to set aside the entry of default. In November, the motion was denied.

On February 3, 2023, the trial court entered a default judgment for Nguyen and Tran and against Hulsey for over $27,000.

On February 21, Hulsey filed a motion to set aside the default judgment (the "February 2023 motion"), which was denied on July 10.

On July 31, Hulsey filed a notice of appeal. That same day, Hulsey filed another motion to set aside the default judgment (the "July 2023 motion").

On February 1, 2024, the trial court denied the July 2023 motion. The court noted that all three motions to set aside—filed in June 2022, February 2023, and July 2023—raised the same argument: that the defaults "should be vacated because she was not personally served with the [c]ross-

[c]omplaint and summons." The court denied the July 2023 motion on the ground that it was "an improper and untimely motion for reconsideration" under section 1008. The court also noted that the July 2023 motion was "not 'accompanied by a copy of the answer or other pleading proposed to be filed,'" as required by section 473, subdivision (b). Finally, the court found Hulsey had waived any objection to lack of service in 2020, when she filed a motion to strike the cross-complaint without objecting to service.

Two weeks later, Hulsey filed a notice of appeal.

## DISCUSSION

### I.

#### GENERAL PRINCIPLES OF APPELLATE REVIEW

On appeal, we presume the trial court's judgment or order is correct. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 (*Arceneaux*).) "We may affirm on any ground supported by the record [citation], including grounds not raised by the respondent, and even if the respondent does not file a brief [citations]." (*J.R. v. Electronic Arts Inc.* (2024) 98 Cal.App.5th 1107, 1115, fn. 2.)

It is not our role to develop the appellant's legal theories or arguments on appeal. (*People v. Stanley* (1995) 10 Cal.4th 764, 793 (*Stanley*).) Nor are we required to search the appellate record on our own to find trial court error. (*Young v. California Fish and Game Commission* (2018) 24 Cal.App.5th 1178, 1190 (*Young*).) Those responsibilities fall on the appellant, who bears the burden of showing both error and prejudice to obtain reversal of the judgment or order. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) If the appellant fails to make an argument, makes a legal argument without citing authority, or makes a factual argument without

4

citing the appellate record, we can treat the argument as forfeited or waived. (*Stanley*, at p. 793; *Young,* at pp. 1190–1191.)

These principles apply to self-represented parties, who "are held to the same standards as attorneys" (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543 (*Kobayashi*)) and "must follow correct rules of procedure" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 (*Nwosu*)).

With these principles in mind, we note the arguments presented in the opening brief are disorganized and nearly incomprehensible. We have tried our best to understand Hulsey's arguments and determine whether there are grounds for reversal. To the extent the opening brief raises other undeveloped contentions that are not addressed in this opinion, we deem them forfeited. (*Stanley*, *supra*, 10 Cal.4th at p. 793; *Young*, *supra*, 24 Cal.App.5th at pp. 1190–1191.)

II.

MOTION FOR RECONSIDERATION UNDER SECTION 1008

The trial court treated the July 2023 motion as an improper motion for reconsideration under section 1008 and denied it for that reason. We agree with the trial court's characterization of the July 2023 motion.

Under section 1008, a party may file an application, or motion, for reconsideration of an adverse ruling based upon a showing of "new or different facts, circumstances, or law." (§ 1008, subd. (a).) "The name of a motion is not controlling, and, regardless of the name, a motion asking the trial court to decide the same matter previously ruled on is a motion for reconsideration under . . . section 1008." (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577 (*Powell*).) To justify reconsideration, the moving party must "show diligence with a satisfactory explanation for not presenting

5

the new or different information earlier." (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 833.)

Here, the trial court determined the July 2023 motion was, in effect, a motion for reconsideration of her unsuccessful February 2023 motion. The opening brief offers no argument or authority to contradict this determination. For this reason, Hulsey has failed to satisfy her burden of showing the order was erroneous (*Jameson, supra*, 5 Cal.5th at pp. 608–609), and we presume it was correct (*Arceneaux, supra*, 51 Cal.3d at p. 1133).

Having determined the July 2023 motion was a motion for reconsideration, we turn to the issue of whether we have jurisdiction to consider an appeal from the denial of a motion for reconsideration. As we explain below, we conclude that we lack jurisdiction.

As an initial matter, we note Hulsey did not address this issue in the opening brief and that, under Government Code section 68081, an appellate court deciding an appeal on an issue not proposed or briefed by any party "shall afford the parties an opportunity to present their views on the matter through supplemental briefing." (Gov. Code, § 68081.) The statute, however, "does not require that a party actually have briefed an issue; it requires only that the party had the opportunity to do so." (*People v. Alice* (2007) 41 Cal.4th 668, 677.) A party's failure to "address an issue, mode of analysis, or authority that is raised or fairly included within the issues raised does not implicate the protections of [Government Code] section 68081." (*Id.* at p. 679.) Because the issue of appellate jurisdiction is present in every appeal (see Cal. Rules of Court, rule 8.204(a)(2)(B)[2] [opening brief must include statement or explanation of appealability]), it is fairly included

---

[2] All further rule references are to the California Rules of Court.

within the issues raised in this appeal. We thus need not provide Hulsey a second chance to brief the issue of appellate jurisdiction.

"[A]n order denying a motion for reconsideration is not appealable, even when based on new facts or law." (*Powell*, *supra*, 197 Cal.App.4th at p. 1576; § 1008, subd. (g).) This is "'because "[s]ection 904.1 . . . does not authorize appeals from such orders, and to hold otherwise would permit, in effect, two appeals for every appealable decision and promote the manipulation of the time allowed for an appeal."'" (*Powell*, at p. 1577.) Thus, Hulsey's appeal from the February 2024 order itself must be dismissed for lack of appellate jurisdiction. (*Id.* at p. 1576.)

Although an order denying a section 1008 motion "is not separately appealable, . . . if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (§ 1008, subd. (g).) As noted by the trial court, the subject of the July 2023 motion was the February 2023 motion to vacate. "An order denying a motion to vacate a judgment or dismissal under section 473 is appealable." (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 611.)

Hulsey's notice of appeal, which "defines the scope of the appeal" (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967), does not clearly state she is appealing from the order denying the February 2023 motion. We nonetheless liberally construe the notice of appeal as an appeal from that order. (Rule 8.821(a)(2).)

We next consider whether Hulsey timely appealed from the order denying the February 2023 motion, which is "'essential to appellate jurisdiction.'" (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094.) We conclude she did not. Under Rule 8.104(a)(1), an appellant has a limited period within

7

which to file a notice of appeal. The notice of appeal must be filed no later than 180 days after entry of the challenged judgment or order (rule 8.104(a)(3)), unless the shorter periods of rule 8.104(a)(1) or rule 8.104(a)(2) apply, or the time is extended under rule 8.108. Here, the order denying the February 2023 motion was entered on July 10, 2023, so the time to appeal ran out, at the latest, in January 2024. (See Rules 8.104(a)(3), 8.108(c)(3), 8.108(e)(3).) The notice of appeal, however, was filed in February 2024. Because the notice of appeal was not timely filed, we lack appellate jurisdiction and "'must dismiss the appeal . . .'" from the order denying the February 2023 motion. (*Mendez*, at p. 1094.)

III.

MOTION TO VACATE UNDER SECTION 473

Even if we were to consider the July 2023 motion as a motion to vacate, as we explain below, Hulsey would fare no better on appeal.

*A. Motion to Vacate a Void Judgment or Order*

Hulsey argues primarily that the default entered against her on the cross-complaint is void, for two reasons. We discuss—and reject—each reason separately.

A trial court "may, on motion of either party after notice to the other party, set aside any void judgment or order." (§ 473, subd. (d).) "There is no time limit to attack a judgment [or order] void on its face." (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1021.) Under section 473, subdivision (d), the court has no discretion to set aside a judgment or order that is not void. (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495–496 (*Cruz*).) And even if the judgment or order is void, the court retains the discretion to deny the motion. (*Id.* at p. 495.) Accordingly, on appeal from a ruling based on subdivision (d) of section 473,

8

we review de novo whether a judgment or order is void, and if so, we review the court's decision whether to set it aside for abuse of discretion. (*Pittman*, at p. 1020.)

For purposes of section 473, subdivision (d), there is a difference between a judgment or order that is void on the face of the record and one that is facially valid but shown to be invalid through consideration of extrinsic evidence. (*Pittman, supra,* 20 Cal.App.5th at p. 1020.) A judgment or order is void on its face only if the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence. (*Id.* at p. 1021.) If more is needed to show its invalidity, then the judgment or order "is not void on its face" and "must be challenged within the six-month time limit prescribed by section 473, subdivision (b), or by an independent action in equity." (*Ibid.*)

Hulsey first argues the default entered against her was void because she was required to be—but wasn't—personally served with a summons on the cross-complaint. She contends a summons was required because Tran first appeared in the cross-complaint and thus was a "new party" in the action, which in turn required Hulsey to be personally served with a summons and the cross-complaint. We disagree.

Section 428.60 describes the acceptable methods for serving a cross-complaint, which differ depending on whether the party being served has appeared in the action. In this case, Hulsey, by virtue of being the plaintiff in the action, had already appeared in the action when the cross-complaint was filed. If the cross-defendant has appeared in the action, there is no requirement that a summons be issued. (§ 428.60, subd. (2).) Instead, the cross-complaint need only be served, and service may be made by

personal delivery or mail service, among other options. (§§ 428.60, subd. (2), 1010.6, 1011, 1012.)

On October 28, 2020, Hulsey filed a "motion to deny/strike" the cross-complaint. In the supporting memorandum of points and authorities, she stated the "cross[-]complaint was served to Plaintiff, after the Defendant's answers." It thus appears Hulsey was served with the cross-complaint in some manner.

Even if Hulsey was not properly served with the cross-complaint, this does not mean the default entered against her was void. Notwithstanding lack of service, a party submits to the court's jurisdiction by making a general appearance in an action. (*Roy v. Superior Court* (2005) 127 Cal.App.4th 337, 341.) "A general appearance by a party is equivalent to personal service of summons on such party." (§ 410.50, subd. (a).) A defendant or cross-defendant "appears in an action when the defendant [or cross-defendant] answers, demurs, files a notice of motion to strike, files a notice of motion to transfer pursuant to Section 396b, moves for reclassification pursuant to Section 403.040, gives the plaintiff written notice of appearance, or when an attorney gives notice of appearance for the defendant." (§ 1014.) By filing a "motion to deny/strike" the cross-complaint without objecting to service, Hulsey made a general appearance on the cross-complaint and cannot now complain of defective service.

Second, Hulsey argues the default entered against her was void, given that she "answered . . . the best she could considering she was never served." The fatal flaw in this argument, however, is that Hulsey never filed an answer to the cross-complaint.

"Where a defendant has filed an answer, neither the clerk nor the court has the power to enter a default based upon the defendant's failure to

10

appear at trial, and a default entered after the answer has been filed is void [citations], and is subject to expung[e]ment at any time either by motion made pursuant to . . . section 473 or by virtue of the court's inherent power to vacate a judgment or order void on its face." (*Wilson v. Goldman* (1969) 274 Cal.App.2d 573, 577.) This principle also applies to a party filing an answer to a cross-complaint. (§ 431.30, subd. (a)(1), (2).)

Hulsey identifies several court filings she filed in response to the cross-complaint: a motion to strike filed October 28, 2020; a motion to dismiss filed October 4, 2021; a motion for continuance filed October 14; a motion for demurrer filed February 4, 2022; a motion for continuance for medical reasons filed May 16; and an ex parte motion to continue trial on May 17. None of these filings is an "answer." (See § 431.30, subds. (b), (c) [listing requirements for an answer].) We have reviewed the appellate record, including the trial court register of actions, and the documents referenced in Hulsey's motion to augment, but we have not found any indication that an answer to the cross-complaint was filed. Nor can any of Hulsey's filings be treated as a "answer" simply because she responded "the best she could." (See *Kobayashi*, *supra*, 175 Cal.App.4th at p. 543 [same standards apply to pro. per. litigants and attorneys]; *Nwosu*, *supra*, 122 Cal.App.4th at p. 1247 [pro. per. litigants must follow procedural rules].) Accordingly, Hulsey has failed to show the trial court's entry of default was void on this ground.

B. *Motion to Vacate Based on Other Grounds*

The remaining arguments raised in the opening brief are not challenges to the facial validity of the default or default judgment. These arguments include the following: (1) the trial court erred in denying Hulsey's motions for a trial continuance, filed in October 2021 and May 2022; (2) Hulsey could not appear for trial on May 31, 2022, or June 1, 2022,

11

because she was recovering from COVID and three kidney surgeries; (3) a one-day trial continuance, from May 31 to June 1, 2022, was not enough notice for Hulsey to appear the next day to defend herself against the cross-complaint;[3] (4) the court made various "'errors of law'" in ruling on several motions attacking the cross-complaint, including a "Motion to Strike/Deny" the cross-complaint filed in October 2020, a "Motion to Dismiss" the cross-complaint filed in October 2021, and a demurrer to the cross-complaint filed in February 2022; (5) one of the trial judges assigned to her case should have been disqualified for bias, under section 170.1; (6) because "flawed, corrupt evidence" was offered at the default prove-up hearing on the cross-complaint, the default judgment should be vacated under sections 1286.2, subdivision (a)(1), and 657, subdivision 1 and 2; and (7) Nguyen and Tran are not entitled to any relief "per comparative negligence" because the lawsuit against them "was of [their] own making." As such, Hulsey cannot show the trial court erred in denying the motion to vacate under section 473, subdivision (d). (*Cruz*, *supra*, 146 Cal.App.4th at pp. 495–496.)

Finally, although the opening brief cites other statutory grounds for vacating a judgment or order, namely sections 473, subdivision (b), and 473.5, Hulsey does not explain why they apply here. Accordingly, the

---

[3] "As a general rule, in civil actions, when proper notice has been provided in the first instance and a party fails to appear, the court may continue the trial without requiring further notice to the absent party. The properly noticed party has a duty to exercise diligence to inform himself or herself of subsequent continuances of the trial." (*In re Phillip F.* (2000) 78 Cal.App.4th 250, 256–257; accord, *People ex rel. San Francisco Bay Conservation etc. Com. v. Smith* (1994) 26 Cal.App.4th 113, 126–127, 129 [approving continuance in which absent party, although it had adequate notice of original trial date, had no actual notice of continued trial date].)

arguments are forfeited. (*Stanley*, *supra*, 10 Cal.4th at p. 793.)

IV.

HULSEY'S MOTION TO AUGMENT

Hulsey moves to augment the record on appeal with (1) over 60 documents, totaling over 500 pages, filed in the superior court; and (2) various documents identified as "exhibits." Except for three "exhibits" filed with the motion, Hulsey does not attach copies of any of the other documents she wants added to the record. (Rule 8.155(a)(2) and (3).) After independently reviewing the trial court docket for these filings, we deny the motion on the grounds that the documents are not necessary for our determination of the issues in this appeal. (See *In re M.M.* (2015) 235 Cal.App.4th 54, 59, fn. 4 [denying motion because augmentation was unnecessary for determination of issues on appeal].)

DISPOSITION

Appellant's motion to augment the record on appeal is denied. The postjudgment order is dismissed. In the interests of justice, the parties shall bear their own costs on appeal.


DELANEY, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.

13